USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 24 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA :

-v- :

PAUL GREENWOOD, and :
STEPHEN WALSH,

:

Defendants.

- - - - - - - - - - - - - - - - x

INDICTMENT

09 CRIM 722

**COUNT ONE**

**(Conspiracy To Commit Securities Fraud and Wire Fraud)**

The Grand Jury charges:

Relevant Persons and Entities

1. At all relevant times, PAUL GREENWOOD and STEPHEN WALSH, the defendants, were the Managing General Partners of WG Trading Company Limited Partnership ("WG Trading"), a Delaware limited partnership operating as a commodity pool. GREENWOOD also was the Chief Operating Officer and Chief Financial Officer of WG Trading. WALSH also was the Chief Executive Officer and senior registered options principal of WG Trading.

2. At all relevant times, WG Trading was a broker-dealer registered with the Securities and Exchange Commission ("SEC") under the Securities Exchange Act of 1934, and a commodity pool as defined in regulations of the Commodity Futures Trading Commission ("CFTC"). WG Trading had offices in Greenwich, Connecticut, Jersey City, New Jersey, and North Hills,

New York, and executed securities trades through the New York Stock Exchange in New York, New York.

3. At all relevant times, PAUL GREENWOOD and STEPHEN WALSH, the defendants, were registered with the SEC as principals of a registered broker-dealer and with the CFTC as commodity pool operators.

4. At all relevant times, WG Trading Investors, LP ("WG Investors"), a Delaware limited partnership having its principal place of business in Greenwich, Connecticut, was a limited partner in WG Trading. PAUL GREENWOOD and STEPHEN WALSH, the defendants, were general partners of WG Investors and controlled WG Investors.

The Scheme To Defraud

5. From at least as early as in or about 1996 through and including in or about February 2009, PAUL GREENWOOD and STEPHEN WALSH, the defendants, orchestrated a scheme to defraud investors in WG Trading and WG Investors. Through this scheme, GREENWOOD, WALSH, and others known and unknown, solicited funds under false pretenses, failed to invest investors' funds as promised, and misappropriated and converted investors' funds to the personal benefit of GREENWOOD, WALSH, and others, without the knowledge or authorization of the investors.

6. From at least in or about 1996, through and including in or about February 2009, PAUL GREENWOOD and STEPHEN

WALSH, the defendants, and others known and unknown, solicited more than $7.6 billion from institutional investors, including charitable and university foundations, pension and retirement plans, and other institutions. GREENWOOD and WALSH, and their co-conspirators, told investors, both orally and in writing, that investor funds would be invested pursuant to a strategy called "equity index arbitrage," which involved buying and simultaneously selling, through futures, the stocks of a well-known equity index (such as the Standard and Poors 500 Index (the "S&P 500 Index")). The marketing materials provided to investors for WG Trading and its affiliates represented that the equity index arbitrage strategy was a low risk strategy that had consistently outperformed the results of the S&P 500 Index for a period of more than 10 years.

7. At all relevant times, investors were offered the opportunity to invest in WG Trading through different mechanisms. First, an investor could purchase a limited partnership interest in WG Trading. Second, an investor could invest through WG Investors by delivering funds to WG Investors in exchange for a promissory note from WG Investors to the investor, which would pay interest at a rate similar to the rate of return realized by a limited partnership interest in WG Trading. The investors were told that WG Investors was itself a limited partner of WG Trading, and that the majority of their funds would be passed

through to WG Trading for investment pursuant to the equity index arbitrage strategy. Third, an investor could purchase an interest in an offshore fund, which in turn would invest the investor funds through WG Investors in exchange for a promissory note issued by WG Investors to the offshore fund.

8. Contrary to the representations to clients that their funds would be invested pursuant to the equity index arbitrage strategy, PAUL GREENWOOD and STEPHEN WALSH, the defendants, used investor funds to, among other things, finance their lavish personal lifestyles, meet the periodic redemption requests of other investors, make payments in connection with an investment in a publicly traded company that went bankrupt, and make payments for other investments and loans by WG Trading and WG Investors. Further, PAUL GREENWOOD and STEPHEN WALSH, the defendants, and a co-conspirator not named as a defendant herein ("CC-1"), created and caused others to create false account statements that were sent to clients to reflect fictitious returns consistent with the returns that had been promised to those clients.

9. From on or about January 1, 1999, through on or about February 6, 2009, PAUL GREENWOOD, the defendant, and others known and unknown, caused WG Investors to divert approximately $80 million to or for the benefit of GREENWOOD, including payments which were made by wire transfer from a WG Investors

account to recipient banks in the Southern District of New York. From on or about January 1, 1999, through on or about January 9, 2009, STEPHEN WALSH, and others known and unknown, caused WG Investors to divert approximately $51 million to or for the benefit of WALSH, including payments which were made by wire transfer from a WG Investors account to recipient banks in the Southern District of New York. These payments were directed to GREENWOOD and WALSH, to members of their families, to various entities that they or their family members controlled, and/or to persons and entities for goods (including antiques and collectibles) and services purchased by GREENWOOD and WALSH.

10. In order to conceal the fact that PAUL GREENWOOD and STEPHEN WALSH, the defendants, were misappropriating investor funds, and the fact that neither WG Trading nor WG Investors was profitable, CC-1, at the direction of GREENWOOD and WALSH, prepared promissory notes that were issued by GREENWOOD and WALSH to WG Investors. From in or about 1998 through in or about 2008, GREENWOOD issued promissory notes to WG Investors totaling approximately $293 million ("GREENWOOD Notes"). From in or about 1998 through in or about 2008, WALSH issued promissory notes totaling approximately $261 million ("WALSH Notes").

11. The amount of the GREENWOOD Notes and WALSH Notes that PAUL GREENWOOD and STEPHEN WALSH, the defendants, issued to WG Investors included: (a) the funds that were transferred to or

for the benefit of GREENWOOD and WALSH, respectively; (b) the capitalization of purported investor earnings paid to or accrued for investors who held notes issued by WG Investors, which earnings were fictitious and fraudulent; and (c) write-offs in unprofitable investments that GREENWOOD and WALSH had made through WG Trading and WG Investors.

Statutory Allegations

12. From at least in or about 1996 through in or about February 2009, in the Southern District of New York and elsewhere, PAUL GREENWOOD and STEPHEN WALSH, the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit: (1) to commit securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff and Title 17, Code of Federal Regulations, Section 240.10b-5; and (2) to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

13. It was a part and object of the conspiracy that PAUL GREENWOOD and STEPHEN WALSH, the defendants, and others known and unknown, unlawfully, willfully, and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, the mails and the facilities of national securities exchanges, would and did use and employ manipulative

and deceptive devices and contrivances in connection with the purchase and sale of securities, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (1) employing devices, schemes and artifices to defraud; (2) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (3) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon other persons, in violation of Title 15, United States Code, Sections 78j(b) and 78ff.

14. It was further a part and object of the conspiracy that PAUL GREENWOOD and STEPHEN WALSH, the defendants, and others known and unknown, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, namely, a scheme to defraud investors and enrich themselves at the expense of investors, would and did transmit and cause to be transmitted by means of wire, radio, and television communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

Overt Acts

15. In furtherance of the conspiracy and to effect its illegal objects, PAUL GREENWOOD and STEPHEN WALSH, the defendants, and others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a. On or about July 6, 2007, a wire transfer was effected in the amount of $500,000 to a bank account in New York, New York, that was in the name of WALSH's ex-wife.

b. On or about November 13, 2007, a wire transfer was effected in the amount of $300,000 to a bank account in New York, New York, that was in the name of GREENWOOD.

c. On or about January 8, 2008, a wire transfer was effected in the amount of $500,000 to a bank account in New York, New York, that was in the name of WALSH's ex-wife.

(Title 18, United States Code, Section 371.)

**COUNT TWO**

**(Securities Fraud)**

The Grand Jury further charges:

16. The allegations contained in paragraphs 1 through 11, and 15, above, are hereby repeated, realleged and incorporated by reference as if fully set forth herein.

17. From at least in or about 1996 through at least in or about February 2009, in the Southern District of New York and

elsewhere, PAUL GREENWOOD and STEPHEN WALSH, the defendants, unlawfully, willfully, and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce and of the mails, and of the facilities of national securities exchanges, in connection with the purchase and sale of securities, would and did use and employ manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons.

(Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2.)

**COUNT THREE**

**(Commodities Fraud)**

The Grand Jury further charges:

18. The allegations contained in paragraphs 1 through 11, and 15, above, are hereby repeated, realleged and incorporated by reference as if fully set forth herein.

19. From at least in or about 1996 through at least in or about February 2009, in the Southern District of New York and

elsewhere, PAUL GREENWOOD and STEPHEN WALSH, the defendants, while acting as commodity pool operators and persons associated with a commodity pool operator, unlawfully, willfully, and knowingly, by use of the mails, and of the means and instrumentalities of interstate commerce, directly and indirectly, would and did (a) employ devices, schemes, and artifices to defraud clients and participants, and prospective clients and participants; and (b) engage in transactions, practices, and courses of business which operated and would operate as a fraud and deceit upon clients and participants, and prospective clients and participants.

(Title 7, United States Code, Sections 6o(1) and 13(a)(2) and (5); Title 18, United States Code, Section 2.)

**COUNTS FOUR AND FIVE**

**(Wire Fraud)**

The Grand Jury further charges:

20. The allegations contained in paragraphs 1 through 11, and 15, above, are hereby repeated, realleged and incorporated by reference as if fully set forth herein.

21. From at least in or about 1996 up through and including in or about February 2009, in the Southern District of New York and elsewhere, PAUL GREENWOOD and STEPHEN WALSH, the defendants, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent

pretenses, representations, and promises, namely, a scheme to defraud investors and enrich themselves at the expense of investors, would and did transmit and cause to be transmitted by means of wire, radio, and television communications in interstate and foreign commerce, writings, signs, signals, pictures and sounds, to wit, GREENWOOD and WALSH caused, among others, the following interstate fax transmissions from Connecticut to New York directing wire transfers of funds from bank and securities accounts that they controlled to other persons and entities for the purpose of diverting investor funds to their own personal use:

| COUNT | Approximate Date Of Wire Communication | Approximate Amount Of Wire Transfer Referenced In Fax |
|---|---|---|
| FOUR | July 6, 2007 | $500,000 |
| FIVE | November 13, 2007 | $300,000 |

(Title 18, United States Code, Sections 1343 and 2.)

**COUNT SIX**

**(Money Laundering)**

The Grand Jury further charges:

22. The allegations contained in paragraphs 1 through 11, and 15, above, are hereby repeated, realleged and incorporated by reference as if fully set forth herein.

23. From at least in or about 1996 through and including in or about February 2009, in the Southern District of

New York and elsewhere, PAUL GREENWOOD and STEPHEN WALSH, the defendants, in an offense involving and affecting interstate and foreign commerce, unlawfully, willfully, and knowingly engaged and attempted to engage in and cause others to engage in a monetary transaction in criminally derived property that was of a value greater than $10,000 and was derived from specified unlawful activity, to wit, GREENWOOD and WALSH caused transfers of investor funds derived from fraud in the sale of securities and wire fraud to be transferred to bank accounts in their names, in the names of their family members, and to other individuals and entities for their own personal benefit, which transfers were neither disclosed to nor authorized by the investors.

(Title 18, United States Code, Sections 1957 and 2.)

**FORFEITURE ALLEGATION AS TO COUNTS ONE, TWO, FOUR, AND FIVE**

24. As the result of committing the securities and wire fraud offenses alleged in Counts One, Two, Four, and Five of this Indictment, PAUL GREENWOOD and STEPHEN WALSH, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, including but not limited to the following:

a. At least $131,000,000 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the charged securities and wire fraud offenses.

Substitute Asset Provision

25. If any of the above-described forfeitable property, as a result of any act or omission of the defendants,

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461.)

**FORFEITURE ALLEGATION AS TO COUNT SIX**
(Money Laundering)

26. As the result of committing the money laundering offense alleged in Count Six of this Indictment, PAUL GREENWOOD

and STEPHEN WALSH, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982, all property, real and personal, involved in the money laundering offenses and all property traceable to such property.

Substitute Asset Provision

27. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b) and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 982 and Title 21, United States Code, Section 853(p).)

[signature] 7-24-09
Foreperson

Lev L. Dassin
LEV L. DASSIN
Acting United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

**- v -**

**PAUL GREENWOOD, and**
**STEPHEN WALSH,**

**Defendant.**

**INDICTMENT**

09 Cr.

Title 18, United States Code, Sections 371, 981, 1343, 1957; Title 15, United States Code, Sections 78j(b), 78ff; Title 17, Code of Federal Regulations, Sections 240.10b-5; Title 21, United States, Section 853(p); and Title 7, United States Code, Section 6o(1) and 13(a)(2) and (5)

LEV L. DASSIN
Acting United States Attorney.

**A TRUE BILL**

[signature] 7-24-09
Foreperson.

Filed ... Judge Cedarbaum
Freeman, USMJ