UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
UNITED STATES OF AMERICA                           :
                                                   :
    -v-                                            :
                                                   :         09-cr-722 (MGC)
PAUL GREENWOOD, and                                :
STEPHEN WALSH,                                     :
                    Defendants.                    :
                                                   :
------------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PAUL GREENWOOD'S MOTION FOR ATTORNEYS' FEES AND COSTS

Defendant Paul Greenwood submits this memorandum of law in support of his motion for attorneys' fees and costs. All of Mr. Greenwood's assets have been frozen by orders of the Honorable Judge George B. Daniels in two companion civil cases. Pursuant to the Fifth and Sixth Amendment of the United States Constitution, Mr. Greenwood seeks access to certain untainted assets so that he can properly defend himself in this criminal case.

### FACTUAL BACKGROUND

On February 25, 2009, Judge Daniels issued a restraining order in two civil cases, *Commodity Futures Trading Commission v. Walsh, et. al,* 09-cv-1749 (GBD), and *Securities and Exchange Commission v. WG Trading Investors, et al.,* 09-cv-1750 (GBD). These restraining orders froze all of defendant Greenwood's assets.[1] *See*

---

[1] On May 22, 2009, Judge Daniels ordered Preliminary Injunctions in the CFTC and SEC matters, extending the terms of the February 25, 2009 Statutory Restraining Order and the Temporary Restraining Order until further order. Necheles Decl., at 1; Necheles Ex. C at 6; Necheles Ex. D at 6.

Declaration of Susan R. Necheles ("Necheles Decl."), at 1-2; *see also* Exhibit A to the Necheles Decl. ("Necheles Ex. A") at 5-7; Necheles Ex. B at 14, 16; Declaration of Paul Greenwood ("Greenwood Decl."), at 1. All of Mr. Greenwood's assets are now in the complete and exclusive control of the Receiver appointed in the civil cases. Necheles Decl. at 2; Necheles Ex. A. at 8-13; Necheles Ex. B at 18-20, Necheles Ex. C at 6; Necheles Ex. D at 6; Greenwood Decl. at 1.

On July 24, 2009, Mr. Greenwood was indicted on criminal charges that allege the same fraud as that alleged in the two civil cases before Judge Daniels. *United States v. Greenwood, et al.*, 09-cr-722 (MGC). *See* Necheles Ex. E. He was arraigned by this Court on July 31, 2009. Discovery and motion preparation are currently underway in the criminal case. Necheles Decl. at 2.

The Indictment charges that Mr. Greenwood's alleged illegal conduct commenced in or around 1996. *See* Necheles Ex. E at 2. Mr. Greenwood's frozen assets include items purchased *before* 1996, which are clearly not proceeds of the fraud. In particular, Mr. Greenwood owns (1) antiques that have been appraised at a value of $1,127,725 and that were purchased *before* 1995 and (2) $659,946 in Steiff collectibles, approximately 95% of which were purchased before 1996. *See* Greenwood Decl. at 2, Greenwood Exs. A, B, and C. Because these antiques and collectibles were purchased *before* the commencement of Mr. Greenwood's alleged criminal conduct, they clearly are not the proceeds of any fraud and are untainted. The approximate total value of these untainted assets is $1,787,671.

Judge Daniels included these untainted assets in the restraining orders because the value of all of Mr. Greenwood's other assets combined do not equal the amount of the

alleged fraud. Therefore, in the civil case Judge Daniels has restrained these untainted assets for any potential recovery by civil plaintiffs in the future.

**ARGUMENT**

**A. Mr. Greenwood's Motion for Legal Fees**

Mr. Greenwood asks this Court to allow Mr. Greenwood to use $1 million worth of his untainted assets to pay a retainer to Hafetz & Necheles in order to allow Hafetz & Necheles to continue to represent him in this criminal case.

Mr. Greenwood possesses no assets that are not restrained. Without the relief requested herein he cannot pay Hafetz & Necheles to represent him in this criminal case. Greenwood Decl. at 2; Necheles Decl. at 2. As set forth in the attached Declaration of Susan Necheles, Mr. Greenwood's blood relatives previously paid Hafetz & Necheles $250,000 to represent Mr. Greenwood in the civil case and in the then unindicted criminal action. The majority of those funds have been spent. Necheles Decl. at 2. Because Mr. Greenwood does not have any unrestrained funds available to pay his legal fees in this criminal case, Mr. Greenwood must be afforded access to his untainted assets in order to continue to retain Hafetz & Necheles as his counsel of choice in this criminal action. Without such funds, Hafetz & Necheles cannot continue the representation.

Hafetz & Necheles anticipates that if Mr. Greenwood goes to trial in the criminal case the approximate legal fees and costs for the criminal case through trial will be $2.3 million. This estimate is based on an assumption of six months trial preparation by three attorneys and two paralegals, four full-time weeks for the conduct of the trial by the same attorneys and paralegals, and associated costs. *See* Necheles Decl. at 2-3.

3

We are unable to determine at this time whether Mr. Greenwood will go to trial as we have not yet conducted an extensive review of the facts and the law in this matter. We therefore ask at this time for sufficient assets to be released to pay $1 million to Hafetz & Necheles so that we can proceed with that review. We note that $1 million is a conservative figure. The documents in this case are extensive. The government has estimated that there are over 100 boxes of documents and there are extensive computer files with unknown amounts of email. As Judge Kaplan noted in *United States v. Stein*, 495 F.Supp. 2d 390, 424 (S.D.N.Y. 2007), defense of white collar trials are extremely complicated and expensive. Recent high profile white collar prosecutions have had publically reported legal costs that ranged from $14.9 million to $70 million. *Id.* Accordingly, our estimate of $1 million to review documents and conduct a thorough legal analysis is a reasonable estimate.

Hafetz & Necheles will place the requested $1 million in our escrow account and draw down on that $1 million based on monthly hourly billings. A bill will be presented to the client every month for his review and approval. If Mr. Greenwood's case is resolved prior to trial, any money left in the escrow account after sentencing or dismissal of the charges will be returned to the Receiver. If, on the other hand, the case proceeds to trial we will make a further application for fees from the Court. Necheles Decl. at 3.

Although the order restraining Mr. Greenwood's funds was entered by Judge Daniels, at the direction of Judge Daniels we make this motion to release some of the assets from the restraining order before Your Honor. At a status conference in the CFTC and SEC actions before Judge Daniels on November 13, 2009, Judge Daniels alerted counsel that he had discussed this anticipated motion with this Court. Judge Daniels

instructed counsel for Mr. Greenwood that because this case involved legal fees for representation of Mr. Greenwood in the criminal matter, we should make this motion before Your Honor and provide him with copies of the filings. *See* Necheles Decl. at 4.

**B. The Legal Standard**

Mr. Greenwood possesses a Fifth and Sixth Amendment right to utilize assets which are not the proceeds of alleged wrongful conduct for the payment of attorneys' fees in this criminal case. *See United States v. Coates*, 1994 WL 455558, at *3 (S.D.N.Y. 1994). In *Coates,* the defendant in a civil suit, who was also a defendant in a parallel criminal action, moved to modify the personal asset freeze entered as part of a temporary restraining order in order to gain access to funds for the payment of attorneys fees in his criminal case. *Id.* at *1. The court concluded that the restraint of the defendant's untainted assets in the civil case would violate his due process rights and his rights to counsel of his choice in the criminal case, and that he must therefore be afforded an opportunity to demonstrate that the assets were not traceable to the alleged fraud and should therefore be released. *Id.* at *3.

In reaching its decision in the context of a civil proceeding, the court noted that it was the companion criminal case that "dictate[d] that the court pay particular attention to the defendant's Fifth and Sixth Amendment rights." *Id.* at *3. The court adopted the reasoning in *United States v. Monsanto,* 924 F.2d 1186, 1203 (2d Cir.)(*Monsanto IV),* *cert. denied,* 112 S.Ct. 382 (1991), stating that although the Second Circuit decision addressed the propriety of an asset freeze in the context of a criminal forfeiture, the civil context before her was equally compelling because "an order freezing Coates' personal

5

assets may hinder his ability to obtain counsel of choice *in the related criminal case*."[2] *Id* (emphasis added).

In *Monsanto IV*, the Second Circuit considered whether due process required a pre-trial hearing before assets could be restrained after the entry of an ex parte restraining order but before trial. 924 F.2d at 1193. The Court weighed the competing interests of the government in preserving the availability of potentially forfeitable assets through trial and a defendant's "important liberty interest: the qualified right, under the sixth amendment, to counsel of choice." 924 F.2d at 1193. As the Court recognized, a pre-trial asset freeze "severely affects that right by putting beyond the defendant's reach assets which are demonstrably necessary to obtain the legal counsel he desires. The temporary, nonfinal deprivation is, in that respect, effectively a permanent one." *Id.* The Court concluded that to continue an asset freeze through trial, the government must establish probable cause as to the commission of the charged offense and the forfeitability of the specified assets, i.e., "probable cause to believe that the restrained assets represent the proceeds of that offense." *Id.* at 1196-97.

In *Coates*, as dictated by *Monsanto*, the court required an adversary hearing to determine whether the frozen assets sought to be released were traceable to the alleged fraud. *Id.* (citing *Monsanto*, 924 F.2d at 1203; *S.E.C. v. Quinn*, 997 F.2d 287, 289 (7th Cir. 1993) (approving district court's procedure of requiring the SEC to make a preliminary showing that assets can be traced to alleged fraud, followed by opportunity for defendant to demonstrate that he possesses assets untainted by the allegations).

---

[2] The Second Circuit's holding in *Monsanto* has been followed by United States Courts of Appeals in the D.C., Seventh, Fifth, Ninth, Eighth, and Third Circuits. *See United States v. E-Gold, Ltd.*, 521 F.3d 411, 419 (D.C. Cir. 2008) (citing cases).

Here, no such hearing is necessary, because undisputed evidence establishes that Mr. Greenwood seeks $1,000,000 of assets acquired prior to his alleged commission of any misconduct, which, by definition, cannot be proceeds of that misconduct. As the declaration of Mr. Greenwood and accompanying exhibits make clear, Mr. Greenwood purchased more than $1.5 million in antiques and collectibles prior to the commencement of the conduct alleged in the Indictment. *See* Greenwood Dec. at 1-2, Exs. A, B, and C. Accordingly, the Constitution and the law of this Circuit require that Mr. Greenwood be permitted access to $1,000,000 of his untainted assets to defend against the criminal charges against him.

## CONCLUSION

For the reasons set forth above, and in the accompanying Necheles and Greenwood declarations, Mr. Greenwood respectfully requests that his Motion for Attorneys' Fees and Costs be granted.

Dated: New York, New York
November 25, 2009

                                                  HAFETZ & NECHELES

                                                  /s/
                                    Frederick P. Hafetz, Esq. (FH 1219)
                                    Susan R. Necheles (SN 1215)
                                    Tracy E. Sivitz, Esq. (TES 3333)
                                    500 Fifth Avenue
                                    29th Floor
                                    New York, New York 10110
                                    212-997-7595
                                    fph@hafetzlaw.com
                                    srn@hafetzlaw.com
                                    tes@hafetzlaw.com

                                    Attorneys for Defendant Paul Greenwood