# EXHIBIT D

In The United States District Court
For The Southern District Of New York

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: FEB 2 5 2009

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| Stephen Walsh, Paul Greenwood, Westridge Capital Management, Inc., WG Trading Investors, LP, WGIA, LLC, | ) ) ) ) |
| Defendants, | ) ) ) |
| Westridge Capital Management Enhancement Funds Inc., WG Trading Company LP, WGI LLC, K&L Investments, and Janet Walsh, | ) ) ) ) |
| Relief Defendants. | ) |

CIVIL ACTION NO.: 09 CIV 1749 (GBD)

( ) ORDER GRANTING MOTION FOR STATUTORY *EX PARTE* RESTRAINING ORDER, FOR EXPEDITED DISCOVERY, AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

This matter came before the Court on February 25th, 2009 on the Motion of Plaintiff U.S. Commodity Futures Trading Commission (the "Commission" or "Plaintiff") for a: (1) Statutory *Ex Parte* Restraining Order; (2) Order Permitting Immediate, Expedited Discovery; and (3) Order to Show Cause re: Preliminary Injunction (the "Application"). The Court, having considered the Commission's Complaint, Motion, Memorandum of Points and Authorities, Exhibits, other materials in support thereof, all other evidence presented by Plaintiff filed herein, finds that:

1. This Court has jurisdiction over the parties and over the subject matter of this action pursuant to Section 6c of the Commodity Exchange Act, as amended (the "Act") 7 U.S.C. § 13a-1 (2006).

2. Venue lies properly within this District pursuant to Sections 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2006).

3. There is good cause to believe that the Defendants have engaged, are engaging and/or are about to engage in acts and practices constituting violations of the Act, 7 U.S.C. §§ 1, *et seq.* (2006).

4. There is good cause to believe that the Relief Defendants, Westridge Capital Management Enhancement Funds Inc., WG Trading Company LP, WGI LLC, K&L Investments, and Janet Walsh, received funds and/or property as a result of the Defendants' unlawful conduct and have been unjustly enriched thereby. The Relief Defendants, Westridge Capital Management Enhancement Funds Inc., WG Trading Company LP, WGI LLC, K&L Investments, and Janet Walsh, have no legitimate entitlement to or interest in all of the funds and/or property received as a result of the Defendants' unlawful conduct.

5. There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for commodity pool participants in the form of monetary redress will occur from the sale, transfer, assignment, or other disposition by Defendants or Relief Defendants of assets or records unless Defendants and Relief Defendants are immediately restrained and enjoined by Order of this Court.

6. Good cause exists for the freezing of assets owned, controlled, managed or held by, on behalf of, or for the benefit of Defendants (hereinafter "Defendants' Assets") as well as in order to assure payment of restitution and disgorgement as authorized and for the benefit of pool participants. Good cause further exists for the freezing of assets owned, controlled, managed or held by, or on behalf of, or for the benefit of Relief Defendants (hereinafter "Relief Defendants' Assets") as well as in order to assure payment of all funds subject to restitution and disgorgement

that the Relief Defendants have been unjustly enriched by, and to which they have no legitimate entitlement or interest, as authorized and for the benefit of pool participants.

7. Good cause exists for entry of an order prohibiting Defendants, their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with the Defendants from destroying records and denying agents of the Commission access to inspect and copy records to ensure that Commission representatives have immediate and complete access to those books and records.

8. Good cause exists for entry of an order prohibiting Relief Defendants, their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with the Relief Defendants from destroying records and denying agents of the Commission access to inspect and copy records to ensure that Commission representatives have immediate and complete access to those books and records.

9. Good cause exists to permit expedited discovery before the early meeting of counsel pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, in order to ascertain the existence and location of assets, clarify the source of funds, and identify all pool participants and other investors.

8. Good cause exists to require an accounting to determine the location and disposition of pool participants' funds.

9. Good cause exists to order repatriation of assets controlled by Defendants to assure payment of restitution and disgorgement as authorized and for the benefit of pool participants.

10. Weighing the equities and considering the Commission's likelihood of success in its claims for relief, the issuance of a statutory restraining order is in the public interest.

## DEFINITIONS

For the purposes of this Order, the following definitions apply:

11. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records (including, but not limited to, floppy diskettes, hard disks, ZIP disks, CD-ROMs, optical discs, backup tapes, printer buffers, smart cards, memory calculators, pagers, personal digital assistants such as Palm Pilot computers, as well as printouts or readouts from any magnetic storage device), and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

12. "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts including bank accounts and accounts at financial institutions, credits, receivables, lines of credit, contracts including spot and futures contracts, insurance policies, and all cash, wherever located.

13. "Defendants" means Stephen Walsh, Paul Greenwood, Westridge Capital Management, Inc., WG Trading Investors, LP, and WGIA, LLC and for all parties includes any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee, or attorney of the Defendants, and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with Defendants.

14. "Relief Defendants" means Westridge Capital Management Enhancement Funds Inc., WG Trading Company LP, WGI LLC, K&L Investments, and Janet Walsh, and for all parties includes any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee, or attorney of the Relief Defendants, and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with Relief Defendants.

## RELIEF GRANTED

### I.

### ORDER AGAINST TRANSFER, DISSIPATION, AND DISPOSAL OF ASSETS

**IT IS HEREBY ORDERED** that

15. Defendants and Relief Defendants are restrained and enjoined from directly or indirectly transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any assets, including those held in the name of Defendants or Relief Defendants, wherever located, including assets held outside the United States, except as provided in Part III of this Order, or as otherwise ordered by the Court. The assets affected by this paragraph shall include both existing assets and assets acquired after the effective date of this Order.

16. Defendants, Relief Defendants and their agents, servants, employees, attorneys, and persons in active concert or participation with Defendants or Relief Defendants who receive actual notice of this Order by personal service except as otherwise ordered by this Court, are restrained and enjoined from directly or indirectly transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any of Defendants' assets or Relief Defendants' assets,

wherever located, including assets held outside the United States, except as provided in Paragraph III of this Order, or as otherwise ordered by the Court. The assets affected by this paragraph shall include both existing assets and assets acquired after the effective date of this Order.

17. Defendants and Relief Defendants are restrained and enjoined from directly or indirectly opening or causing to be opened any safe deposit boxes titled in the name or subject to access by the Defendants or Relief Defendants.

## II.

### DIRECTIVES TO FINANCIAL INSTITUTIONS AND OTHERS

**IT IS FURTHER ORDERED**, pending further Order of this Court, that any financial or brokerage institution, business entity, or person that holds, controls, or maintains custody of any Defendants' asset or account, or account established by Defendants on behalf of any other entity or person, including a commodity pool, or Relief Defendants' accounts or assets, or has held, controlled, or maintained custody of any account or asset of the Defendant or Relief Defendants at any time since January 1, 1997, shall:

18. Prohibit Defendants and Relief Defendants and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such asset (other than to margin existing futures or securities positions) except as directed by further order of the Court, *provided that* any Receiver appointed by the Court may, in the execution of his or her duty to preserve the value of any account or asset controlled or managed by Defendants on behalf of another person, either:

- liquidate any futures or securities positions held, controlled or managed by Defendants, or,

- engage in such transactions as deemed necessary to manage the risk associated with any open futures or securities position held, controlled or managed by Defendants.

19. Deny Defendants and Relief Defendants and all other persons access to any safe deposit box that is: (a) titled in the name of the Defendants or Relief Defendants, either individually or jointly; or (b) otherwise subject to access by the Defendants or Relief Defendants;

20. Provide counsel for the Commission, within five (5) business days of receiving a copy of this Order, a statement setting forth: (a) the identification number of each and every such account or asset titled in the name, individually or jointly, of the Defendants or Relief Defendants, or held on behalf of, or for the benefit, of the Defendants or Relief Defendants: (b) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and (c) the identification of any safe deposit box that is either titled in the name, individually or jointly, of the Defendants or Relief Defendants or is otherwise subject to access by the Defendants or Relief Defendants; and

21. Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

## III.

## **TEMPORARY RECEIVER**

**IT IS FURTHER ORDERED** that:

22. <u>Robb Evans & Assoc LLC</u> is appointed temporary Receiver
    www.RobbEvans.com
for the Defendants' and Relief Defendants' assets and the assets of any affiliates or subsidiaries of any Defendant or Relief Defendant, with the full powers of an equity receiver. The Receiver shall be the agent of this Court in acting as Receiver under this Order;

23. The Receiver is directed and authorized to accomplish the following:

    a. Assume full control of the corporate Defendants and Relief Defendants and any business entities owned by any Defendant or Relief Defendant, including but not limited to Stephen Walsh, Paul Greenwood, Westridge Capital Management, Inc., WG Trading Investors, LP, WGIA, LLC, Westridge Capital Management Enhancement Funds Inc., WG Trading Company LP, WGI LLC, K&L Investments, and Janet Walsh by removing any officer, independent contractor, employee, or agent of a corporate defendant or corporate relief defendant, from control and management of the affairs of the corporate defendant or relief defendant and any business entities owned by any Defendant or Relief Defendant;

    b. Take exclusive custody, control, and possession of all the funds, property, mail and other assets of, in the possession of, or under the control of the Defendants or Relief Defendants, wherever situated, including but not limited to assets held by Stephen Walsh, Paul Greenwood, Westridge Capital Management, Inc., WG Trading Investors, LP, WGIA, LLC,

8

Westridge Capital Management Enhancement Funds Inc., WG Trading Company LP, WGI LLC, K&L Investments, and Janet Walsh. The Receiver shall have full power to sue for, collect, receive and take possession of all goods, chattels, rights, credits, moneys, effects, land, leases, books, records, work papers, and records of accounts, including computer-maintained information, and other papers and documents of the Defendants and Relief Defendants, including documents related to customers or clients whose interest are now held by or under the direction, possession, custody or control of the Defendants or Relief Defendants;

c. Take all steps necessary to secure the residential and business premises of the Defendants and Relief Defendants;

d. Preserve, hold and manage all receivership assets, and perform all acts necessary to preserve the value of those assets, in order to prevent any loss, damage or injury to Defendants' or Relief Defendants' customers or clients;

e. Prevent the withdrawal or misapplication of funds entrusted to the Defendants, or Relief Defendants, and otherwise protect the interests of customers, clients, pool participants or investors;

f. Manage and administer the assets of the Defendants and Relief Defendants by performing all acts incidental thereto that the Receiver deems appropriate, including hiring or dismissing any and all personnel or suspending operations;

g. Collect all money owed to the Defendants and Relief Defendants;

    h.    Initiate, defend, compromise, adjust, intervene in, dispose of, or become a party to any actions or proceedings in state, federal or foreign court necessary to preserve or increase the assets of the Defendants or Relief Defendants or to carry out his or her duties pursuant to this Order;

    i.    Choose, engage and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

    j.    Issue subpoenas to obtain documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate;

    k.    Open one or more bank accounts as designated depositories for funds of the Defendants and Relief Defendants. The Receiver shall deposit all funds of the Defendants and Relief Defendants in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts; and

    l.    Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Defendants or Relief Defendants prior to the date of entry of this Order, except for payments that the Receiver deems necessary or advisable to secure assets of the Defendants or Relief Defendants.

24. Immediately upon service of this Order upon them, the Defendants, Relief Defendants and any other person or entity served with a copy of this Order, shall immediately or within such time as permitted by the Receiver in writing, deliver over to the Receiver:

   a. Possession and custody of all funds, property, and other assets, owned beneficially or otherwise, wherever situated, of the Defendants and Relief Defendants, including but not limited to those of Stephen Walsh, Paul Greenwood, Westridge Capital Management, Inc., WG Trading Investors, LP, WGIA, LLC, Westridge Capital Management Enhancement Funds Inc., WG Trading Company LP, WGI LLC, K&L Investments, and Janet Walsh;

   b. Possession and custody of documents of the Defendants and Relief Defendants, including but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

   c. Possession and custody of all precious metals, other commodities, funds, and other assets being held by or on behalf of the Defendants or Relief Defendants or on behalf of the Defendants' customers, clients, pool participants or investors;

   d. All keys, computer passwords, entry codes, and combinations to locks necessary to gain or to secure access to any of the assets or documents of the Defendants or Relief Defendants, including but not limited to, access

to the Defendants' and Relief Defendants residential and business premises, means of communication, accounts, computer systems, or other property; and

e.  Information identifying the accounts, employees, properties or other assets or obligations of the Defendants or Relief Defendants.

25. The Defendants, Relief Defendants and all other persons or entities served with a copy of this order shall cooperate fully with and assist the Receiver. This cooperation and assistance shall include, but not be limited to, providing any information to the Receiver that the Receiver deems necessary to exercising the authority; providing any password required to access any computer or electronic files in any medium; and discharging the responsibilities of the Receiver under this Order, and advising all persons who owe money to the Defendants or Relief Defendants that all debts should be paid directly to the Receiver.

26. Except by leave of the Court, during the pendency of the receivership ordered herein, the Defendants, Relief Defendants and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of, the Defendants or Relief Defendants, the Receiver, receivership assets, or the Receiver's duly authorized agents acting in their capacities as such, including but not limited to, the following actions:

a.  Commencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

b.  Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of the Defendants or Relief Defendants

or any property claimed by the Defendants or Relief Defendants, or attempting to foreclose, forfeit, alter or terminate any of the Defendants' or Relief Defendants' interests in property, whether such acts are part of a judicial proceeding or otherwise;

c. Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of the Defendants or Relief Defendants, or the Receiver, or any agent of the Receiver; and

d. Doing any act or thing to interfere with the Receiver taking control, possession or management of the property subject to the receivership, or to in any way interfere with the Receiver or the duties of the Receiver; or to interfere with the exclusive jurisdiction of this Court over the property and assets of the Defendants or Relief Defendants.

This paragraph does not stay the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

27. Within 60 days of the date of this Order, the Receiver shall file with this Court and serve Plaintiff Commission a report outlining the steps taken to identify customers, marshal assets, determine the amount invested by each customer, and the portion of assets available to pay back customers. This report shall also include a statement as to the estimated time it will take to distribute available assets to customers and wind up the receivership.

28. The Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, or in the possession or control of, or which may be received by the Defendants or Relief Defendants. The Receiver shall file with the Court and serve on the parties, including Plaintiff Commission, periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Order. Plaintiff Commission may object to any part of a request within 30 calendar days of service of a request. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

IV.

## ACCOUNTING AND TRANSFER OF FUNDS AND DOCUMENTS

**IT IS FURTHER ORDERED** that within ten (10) business days following the service of this Order, the Receiver shall:

29. Provide the Commission with a full accounting of all Defendants' and Relief Defendants' funds, documents, and assets, including those outside of the United States from January 1, 1997, to the date of this Order;

30. Transfer to the territory of the United States all Defendants' Assets and documents located outside of the United States; and

31. Provide the Commission access to all records of the Defendants held by financial institutions located outside the territorial United States by signing the Consent to Release of Financial Records attached to this Order.

V.

## MAINTENTANCE OF BUSINESS RECORDS

**IT IS FURTHER ORDERED** that:

32. Defendants, Relief Defendants and all persons or entities who receive notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business or personal finances of the Defendant or Relief Defendant.

VI.

## INSPECTION AND COPYING OF BOOKS AND RECORDS

**IT IS FURTHER ORDERED** that:

33. Representatives of the Commission be immediately allowed to inspect the books, records, and other documents of the Defendants, Relief Defendants, and their agents including, but not limited to, electronically stored data, tape recordings, and computer discs, wherever they may be situated and whether they are on the persons of the Defendants, Relief Defendants or others, and to copy said documents, data and records, either on or off the premises where they may be situated; and

34. Defendants, Relief Defendants and their agents, servants, employees, attorneys, and persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, shall cooperate fully with the Commission to locate and provide to representatives of the Commission all books and records of the Defendants or Relief Defendants, wherever such books and records may be situated.

## VII.

### BOND NOT REQUIRED OF PLAINTIFF

**IT IS FURTHER ORDERED** that:

28. Plaintiff Commission is an agency of the United States of America and, accordingly, no bond need be posted by the Commission.

## VIII.

### ORDER TO SHOW CAUSE

**IT IS FURTHER ORDERED** that:

29. Defendants shall appear before this Court on the 2 day of March 2009, at 11:00 A.m., before the United States District Judge DANIELS at the United States Courthouse for the Southern District of New York, to show cause, if there be any, why an Order for Preliminary Injunction should not be granted to prohibit further violations of the Act and why the other relief requested should not be granted pending trial on the merits of this action.

30. Should any party wish to file a memorandum of law or other papers in opposition to Plaintiff's Motion for a Preliminary Injunction, all papers shall be filed on or before Monday, March 2, 2009 and served no later than March 2, 2009

## IX.

### ORDER PERMITTING EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that:

31. The prohibition upon discovery before the early meeting of counsel is removed pursuant to Rule 26(d) of the Federal Rules of Civil Procedure.

32. The prohibition upon the immediate commencement of depositions is removed pursuant to Rule 30(a)(2)(C) of the Federal Rules of Civil Procedure.

33. The parties and/or the Temporary Receiver may proceed to take the oral deposition of any person upon three calendar days actual notice if the notice is served upon the parties personally or by telecopier to the party's last known business telecopier number.

34. The parties and/or the Temporary Receiver may take the deposition of any person for the purpose of discovering the nature, location, status and extent of assets of the Defendants or Relief Defendants and the location of any documents reflecting those assets.

## X.

### SERVICE OF ORDER

**IT IS FURTHER ORDERED** that:

35. This Order shall be served on the Defendants and Relief Defendants by personal service consistent with Federal Rule of Civil Procedure Rule 4(e). All subsequent pleadings, correspondence, notices required by this Order, and other materials shall be served consistent with Federal Rule of Civil Procedure Rule 4.

## XI.

### FORCE AND EFFECT

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes.

**SO ORDERED**, at New York, New York on this 25th day of February 2009.

FEB 25 2009

_____
HON. GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE