# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

. . . DNY
. . . 'MENT
. . . . . . ONICALLY FILED
. . . . :
DATE FILED:  FEB 2 5 2009

------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,       :

              Plaintiff,       :

      - against -       :

WG TRADING INVESTORS, L.P.,       :      Civ. No. 09 CV 1750
WG TRADING COMPANY, LIMITED PARTNERSHIP,       :
WESTRIDGE CAPITAL MANAGEMENT, INC.,       :
PAUL GREENWOOD and STEPHEN WALSH,       :

              Defendants,       :

      - and-       :

ROBIN GREENWOOD and JANET WALSH,       :

           Relief Defendants.       :

------------------------------------------x

## ORDER TO SHOW CAUSE,
## TEMPORARY RESTRAINING ORDER,
## AND ORDER FREEZING ASSETS AND GRANTING OTHER RELIEF

On the Application of Plaintiff Securities and Exchange Commission (the "Commission")

for an Order:

(1)    directing Defendants WG Trading Investors, L.P. ("WGTI"), WG Trading Company,

Limited Partnership ("WGTC"), Westridge Capital Management, Inc. ("Westridge"), Paul

Greenwood ("Greenwood") and Stephen Walsh ("Walsh") (collectively, "the Defendants") and

relief defendants Robin Greenwood and Janet Walsh (the "Relief Defendants") to show cause

why an order should not be entered, pending a final disposition of this action:

      (a)    preliminarily enjoining the Defendants from violating Section 17(a) of the

              Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a); Section 10(b) of the

Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and

Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5; and

(b) preliminarily enjoining defendants Westridge, Greenwood and Walsh from

violating Sections 206(1), 206(2) and 206(4) of the Investment Advisers Act of

1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(1), 80b-6(2) and 80b-6(4), and

Advisers Act Rule 206(4)-8, 17 C.F.R. § 275.206(4)-8;

(c) freezing the Defendants' assets and certain assets of the Relief Defendants as

specified herein;

(d) directing each of the Defendants and Relief Defendants to provide verified

accountings immediately;

(e) appointing receivers for Defendants WGTI, WGTC and Westridge;

(f) prohibiting the destruction or alteration of documents; and

(g) preliminarily enjoining the Defendants, and their agents, employees, attorneys, or

other professionals, anyone acting in concert with them, and any third party from

filing a bankruptcy proceeding on behalf of the defendants without at least 3 days

notice to the Plaintiff and approval of this Court;

(2) pending adjudication of the foregoing, an Order

(a) temporarily restraining the Defendants from violating the aforementioned statutes

and rule;

(b) freezing the Defendants' assets and certain assets of the Relief Defendants as

specified herein;

2

(c)     directing each of the Defendants and Relief Defendants to provide verified accountings immediately;

(d)     appointing a temporary receiver for WGTI, WGTC and Westridge;

(e)     prohibiting the destruction and alteration of documents;

(f)     providing that the Commission may take expedited discovery in preparation for a hearing on this Order to Show Cause; and

(g)     temporarily enjoining the Defendants, and their agents, employees, attorneys, or other professionals, anyone acting in concert with them, and any third party from filing a bankruptcy proceeding on behalf of the defendants without at least 3 days notice to the Plaintiff and approval of this Court.

The Court has considered (1) the Complaint filed by the Commission on February 25, 2009; (2) the Local Rule 6.1 Declaration of Joseph P. Dever; (3) the Declaration of Thomas P. Smith, Jr., executed on February 25, 2009, and the exhibits annexed thereto; and (4) the memorandum of law in support of the Commission's application.

Based upon the foregoing documents, the Court finds that a proper showing, as required by Section 20(b) of the Securities Act, Section 21(d) of the Exchange Act, and Section 209 of the Advisers Act, has been made for the relief granted herein, for the following reasons:

1.      It appears from the evidence presented that

(a)     the Defendants have violated and, unless temporarily restrained, will continue to violate, Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Exchange Act Rule 10b-5; and

3

(b)     Defendants Westridge, Greenwood and Walsh have violated, and/or

Defendants Greenwood and Walsh have aided and abetted Defendant

Westridge's violations, and unless temporarily restrained, will continue to

violate, or aid and abet violations of, Sections 206(1), 206(2) and 206(4)

of the Advisers Act and Advisers Act Rule 206(4)-8, as charged in the

Complaint.

2.     It appears that an order freezing the Defendants' assets and certain assets of the

Relief Defendants, as specified herein, is necessary to preserve the *status quo*, and to protect this

Court's ability to award equitable relief in the form of disgorgement of illegal profits from fraud

and civil penalties, and to preserve the Court's ability to approve a fair distribution for victims of

the fraud.

3.     It appears that an order requiring each of the Defendants and Relief Defendants to

provide a verified accounting of all assets, money and property held directly or indirectly by each

of the Defendants, or by others for each of their direct and indirect beneficial interest, is

necessary to effectuate and ensure compliance with the freeze imposed on the Defendants' assets.

4.     It appears that the Defendants may attempt to destroy, alter or conceal documents.

5.     It appears that the appointment of a receiver for WGTI, WGTC and Westridge is

necessary to: (i) preserve the status quo; (ii) ascertain the extent of commingling of funds among

WGTI and WGTC; (iii) ascertain the true financial condition of WGTI, WGTC and Westridge

and the disposition of investor funds; (iv) prevent further dissipation of the property and assets of

WGTI, WGTC and Westridge; (v) prevent the encumbrance or disposal of property or assets of

WGTI, WGTC and Westridge and the investors; (vi) preserve the books, records and documents

of WGTI, WGTC and Westridge; (vii) be available to respond to investor inquiries; (viii) protect investors' assets; and (ix) determine whether WGTI, WGTC and Westridge should undertake bankruptcy filings.

6.      Good and sufficient reasons have been shown why procedure other than by notice of motion is necessary.

7.      The Commission requires expedited discovery to determine, among other things, whether the Defendants are engaged in other ongoing frauds and obtain bank and other records to supplement its motion for preliminary injunctions.

8.      This Court has jurisdiction over the subject matter of this action and over the Defendants, and venue properly lies in this District.

**NOW, THEREFORE,**

## I.

**IT IS HEREBY ORDERED** that the Defendants show cause, if there be any, to this Court at __11:00 A__.m. on the __3RD__ day of __MARCH__ 2009, in Room __150__ of the United States Courthouse, 500 Pearl Street, New York, New York 10007 why this Court should not enter an Order pursuant to Rule 65 of the Federal Rules of Civil Procedure, Section 20 of the Securities Act, Section 21 of the Exchange Act, and Section 209 of the Advisers Act preliminarily enjoining

(1)     the Defendants from violating Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act and Exchange Act Rule 10b-5; and

(2)     Defendants Westridge, Greenwood and Walsh from violating Sections 206(1), 206(2) and 206(4) of the Advisers Act and Advisers Act Rule 206(4)-8.

5

## II.

**IT IS FURTHER ORDERED** that Defendants show cause at that time why this Court should not also enter an Order directing that, pending a final disposition of this action, Defendants, and each of their financial and brokerage institutions, officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the control of Defendants, whether held in their names or for their direct or indirect beneficial interest wherever situated, including, but not limited to, all assets, funds, or other properties held in the following accounts:

| Account Number | Institution | Name of Account Holder |
|---|---|---|
| 6138020 | United States Trust Co of New York | Paul R. Greenwood |
| 000006138020 | Bank of America | Paul R. Greenwood |
| 1010001737594 | Wachovia | Paul R. Greenwood/Alberta Reilly |
| 17186495 | Citibank | Stephen Walsh |

6

## III.

**IT IS FURTHER ORDERED** that Relief Defendants Robin Greenwood and Janet

Walsh show cause at that time why this Court should not also enter an Order directing that,

pending a final disposition of this action, the Relief Defendants, and each of her financial and

brokerage institutions, officers, agents, servants, employees, attorneys-in-fact, and those persons

in active concert or participation with them who receive actual notice of such Order by personal

service, facsimile service or otherwise, and each of them, hold and retain within their control, and

otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation,

concealment or other disposal of the following account held by, or under the control of the Relief

Defendants, whether held in her name or for her direct or indirect beneficial interest:

| Account Number | Institution | Name of Account Holder |
|---|---|---|
| 9841944904 | M&T Bank | Robin B. Greenwood |
| 7372770145 | Fleet Bank of New York | Robin Greenwood |
| 003774342509 | Bank of America | Janet B. Walsh |

## IV.

**IT IS FURTHER ORDERED** that Defendants Greenwood and Walsh show cause at

that time why this Court should not also enter an Order directing that, pending a final disposition

of this action, Defendants Greenwood and Walsh, and any of their agents, servants, employees,

attorneys-in-fact, those persons in active concert or participation with them, and any other

persons or entities, including, but not limited to, persons or entities who hold a security interest

in the property identified below, who receive actual notice of such Order by personal service,

facsimile service or otherwise, and each of them, are restrained and enjoined from taking any

7

action to transfer, pledge, seize, sell, foreclose, encumber, assign, dissipate, conceal or otherwise

taking any action whatsoever that would impact or impair the value of the residences located at:

    a.    16 Wheeler Road, North Salem, NY 10560; and

    b.    7 Half Moon Lane, Sands Point, NY 11050.

V.

    **IT IS FURTHER ORDERED** that Defendants show cause at that time why this Court

should not also enter an Order directing that, pending a final disposition of this action, the

Defendants, and each of their agents, employees, attorneys, or other professionals, and anyone

acting in concert with them, any third parties and any other persons or entities who receive actual

notice of such Order by personal service, facsimile service or otherwise, and each of them, are

restrained and enjoined from filing for bankruptcy protection for any of the Defendants and their

assets without 3 days notice to the Plaintiffs and approval by this Court.

VI.

    **IT IS FURTHER ORDERED** that the Defendants show cause at that time why this

Court should not also enter an Order directing that they each file with this Court and serve upon

Plaintiff Commission, within three (3) business days, or within such extension of time as the

Commission agrees to, a verified written accounting, signed by each of the Defendants and Relief

Defendants, and under penalty of perjury, of:

    (1)    All assets, liabilities and property currently held, directly or indirectly, by or for

        the benefit of the Defendants, including, without limitation, bank accounts,

        brokerage accounts, investments, business interests, loans, lines of credit, and real

8

and personal property wherever situated, describing each asset and liability, its current location and amount;

(2) All money, property, assets and income received by the Defendants and Relief Defendants and each of them, or for their direct or indirect benefit, at any time from March 1, 1996 through the date of such accounting, describing the source, amount, disposition and current location of each of the items listed;

(3) The names and last known addresses of all bailees, debtors, and other persons and entities that currently are holding the assets, funds or property of the Defendants; and

(4) All assets, funds, securities, and real or personal property received by the Defendants and Relief Defendants, and each of them, or any other person controlled by them, from persons who provided money to the Defendants and Relief Defendants in connection with the offer, purchase or sale of WGTI securities, from March 1, 1996 to the date of the accounting, and the disposition of such assets, funds, securities, real or personal property.

## VII.

**IT IS FURTHER ORDERED** that the Defendants and the Relief Defendants show cause at that time why this Court should not also enter an Order enjoining and restraining them, and any person or entity acting at their direction or on their behalf, from destroying, altering, concealing or otherwise interfering with the access of the Commission and the Receiver to any and all documents, books, and records, that are in the possession, custody or control of the Defendants, Relief Defendants, their officers, agents, employees, servants, accountants, financial

9

or brokerage institutions, or attorneys-in-fact, subsidiaries, affiliates, predecessors, successors and related entities, that refer, reflect or relate to the allegations in the Complaint, including, without limitation, documents, books, and records referring, reflecting or relating to the Defendants' or Relief Defendants' finances or business operations, or the offer, purchase or sale of WGTI securities and the use of proceeds therefrom.

### VIII.

**IT IS FURTHER ORDERED** that the Defendants show cause at that time why this Court should not also enter an Order appointing or continuing the appointment of a receiver for WGTI, WGTC and Westridge, to (i) preserve the status quo, (ii) ascertain the extent of commingling of funds among WGTI, WGTC and Westridge; (iii) ascertain the true financial condition of WGTI, WGTC and Westridge and the disposition of investor funds; (iv) prevent further dissipation of the property and assets of WGTI, WGTC and Westridge; (v) prevent the encumbrance or disposal of property or assets of WGTI, WGTC and Westridge and the investors; (vi) preserve the books, records and documents of WGTI, WGTC and Westridge; (vii) be available to respond to investor inquiries; (viii) protect the assets of WGTI, WGTC and Westridge from further dissipation; and (ix) determine whether WGTI, WGTC and Westridge should undertake bankruptcy filings.

To effectuate the foregoing, the receiver would be empowered to:

(a)    Take and retain immediate possession and control of all of the assets and property, and all books, records and documents of WGTI, WGTC and Westridge and all entities they control or have an ownership interest in, and the rights and powers of it with respect thereto;

10

(b)     Have exclusive control of, and be made the sole authorized signatory for, all
accounts at any bank, brokerage firm or financial institution that has possession or
control of any assets or funds of WGTI, WGTC and Westridge and all entities
they control or have an ownership interest;

(c)     Pay from available funds necessary business expenses required to preserve the
assets and property of the WGTI, WGTC and Westridge and all entities they
control or have an ownership interest, including the books, records, and
documents of WGTI, WGTC and Westridge and all entities they control or have
an ownership interest in, notwithstanding the asset freeze imposed by paragraphs
II, III and IV, above;

(d)     Take preliminary steps to locate assets that may have been conveyed to third
parties or otherwise concealed;

(e)     Take preliminary steps to ascertain the disposition and use of funds obtained by
Greenwood and Walsh resulting from the sale of securities issued by WGTI;

(f)     Engage and employ persons, including accountants, attorneys and experts, to
assist in the carrying out of the receiver's duties and responsibilities hereunder;

(g)     Report to the Court and the parties within 45 days from the date of the entry of
this Order, subject to such reasonable extensions as the Court may grant, the
following information:

1.      All assets, money, funds, securities, and real or personal property then held
directly or indirectly by or for the benefit of WGTI, WGTC and Westridge and all
entities they control or have an ownership interest in, including, but not limited to,

11

real property, bank accounts, brokerage accounts, investments, business interests, personal property, wherever situated, identifying and describing each asset, its current location and value;

2.    A list of secured creditors and other financial institutions with an interest in the receivership assets;

3.    To the extent practicable, a list of investors in WGTI, WGTC and Westridge and all entities they control or have an ownership interest;

(h)    The Receiver's preliminary plan for the administration of the assets of the receivership, including a recommendation regarding whether bankruptcy cases should be filed for all of a portion of the assets subject to the receivership and a recommendation whether litigation against third parties should be commenced on a contingent fee basis to recover assets for the benefit of the receivership.

**IX.**

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, the Defendants, and each of them, their agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert, in the offer or sale of any security, by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

(a)    employing any device, scheme or artifice to defraud;

12

(b)   obtaining money or property by means of an untrue statement of material fact or omitting to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading; and

(c)   engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in violation of Section 17(a) of the Securities Act.

## X.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, the Defendants, and each of them, their agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert, in connection with the purchase or sale of any security, by use of the means or instrumentalities of interstate commerce, or of the mails, or of any facility of any national securities exchange:

(a)   employing any device, scheme, or artifice to defraud;

(b)   making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)   engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Exchange Act, and Rule 10b-5 thereunder.

## XI.

13

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, Defendants Westridge, Greenwood and Walsh, and each of them, their agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert, while acting as an investment adviser or associated person of an investment adviser, by the use of any means or instrumentality of interstate commerce, or of the mails:

    (a)    employing any device, scheme, or artifice to defraud any client or prospective client; or

    (b)    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon any client or prospective client, or

    (c)    engaging in any act, practice, or course of business which is fraudulent, deceptive or manipulative,

in violation of Sections 206(1), 206(2) and 206(4) of the Advisers Act and Rule 206(4)-8 thereunder.

## XII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, the Defendants, and each of their financial and brokerage institutions, officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, hold and retain

within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance,

assignment, dissipation, concealment or other disposal of any assets, funds, or other property

(including money, real or personal property, securities, commodities, choses in action or other

property of any kind whatsoever) of, held by, or under the control of the Defendants, whether

held in any of their names or for any of their direct or indirect beneficial interest wherever

situated, including, but not limited to, all assets, funds, or other properties held in the following

accounts:

| Account Number | Institution | Name of Account Holder |
|---|---|---|
| 6138020 | United States Trust Co of New York | Paul R. Greenwood |
| 000006138020 | Bank of America | Paul R. Greenwood |
| 1010001737594 | Wachovia | Paul R. Greenwood/Alberta Reilly |
| 17186495 | Citibank | Stephen Walsh |

## XIII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the

Commission's Application for a Preliminary Injunction, the Relief Defendants, and each of her

financial and brokerage institutions, officers, agents, servants, employees, attorneys-in-fact, and

those persons in active concert or participation with them who receive actual notice of such

Order by personal service, facsimile service or otherwise, and each of them, hold and retain

within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance,

assignment, dissipation, concealment or other disposal of the following account held by, or under

the control of the Relief Defendants, whether held in her name or for her direct or indirect

beneficial interest:

| Account Number | Institution | Name of Account Holder |
|---|---|---|

15

| 9841944904 | M&T Bank | Robin B. Greenwood |
| 7372770145 | Fleet Bank of New York | Robin Greenwood |
| 003774342509 | Bank of America | Janet B. Walsh |

### XIV.

IT IS FURTHER ORDERED that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, Defendants Greenwood and Walsh, and any of their agents, servants, employees, attorneys-in-fact, those persons in active concert or participation with them, and any other persons or entities, including but not limited to persons or entities who hold a security interest in the property identified below, who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, are temporarily restrained from, directly or indirectly, singly or in concert, taking any action to transfer, pledge, seize, sell, foreclose, encumber, assign, dissipate, conceal or otherwise taking any action whatsoever that would impact or impair the value of the residences located at:

    a.    16 Wheeler Road, North Salem, NY 10560; and

    b.    7 Half Moon Lane, Sands Point, NY 11050.

### XV.

IT IS FURTHER ORDERED that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, the Defendants, and each of their agents, employees, attorneys, or other professionals, and anyone acting in concert with them, any third parties, and any other persons or entities who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, are temporarily restrained and enjoined

16

from filing for bankruptcy protection for any of the Defendants and their assets without 3 days

notice to the Plaintiffs and approval by this Court.

## XVI.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the

Commission's Application for a Preliminary Injunction, the Defendants file with this Court and

serve upon Plaintiff Commission, within three (3) business days, or within such extension of

time as the Commission agrees to, a verified written accounting signed by each of the Defendants

and Relief Defendants under penalty of perjury, of:

(1)     All assets, liabilities and property currently held, directly or indirectly, by or for

the benefit of the Defendants, including, without limitation, bank accounts,

brokerage accounts, investments, business interests, loans, lines of credit, and real

and personal property wherever situated, describing each asset and liability, its

current location and amount;

(2)     All money, property, assets and income received by the Defendants and Relief

Defendants, and each of them, or for their direct or indirect benefit, at any time

from March 1, 1996 through the date of such accounting, describing the source,

amount, disposition and current location of each of the items listed;

(3)     The names and last known addresses of all bailees, debtors, and other persons and

entities that currently are holding the assets, funds or property of the Defendants;

and

(4)     All assets, funds, securities, and real or personal property received by the

Defendants, and each of them, or any other person controlled by them, from

17

persons who provided money to the Defendants and Relief Defendants in

connection with the offer, purchase or sale of WGTI securities, from March 1,

1996 to the date of the accounting, and the disposition of such assets, funds,

securities, real or personal property.

## XVII.

IT IS **FURTHER ORDERED** that, pending a hearing and determination of the

Commission's Application for a Preliminary Injunction, the Defendants, the Relief Defendants,

and any person or entity acting at their direction or on their behalf, be and hereby are enjoined

and restrained from destroying, altering, concealing or otherwise interfering with the access of

the Commission and the Receiver to any and all documents, books, and records that are in the

possession, custody or control of the Defendants and Relief Defendants, their officers, agents,

employees, servants, accountants, financial or brokerage institutions, or attorneys-in-fact, that

refer, reflect or relate to the allegations in the Complaint, including, without limitation,

documents, books and records referring, reflecting or relating to the Defendants' and Relief

Defendants' finances or business operations, or the offer, purchase, or sale of WGTI securities

and the use of proceeds therefrom; and ordered to provide all reasonable cooperation to the

receiver in carrying out his duties as set forth herein.

## XVIII.

IT IS **FURTHER ORDERED** that Robb Evans & Assoc LLC www.RobbEvans.com pending further

order of this Court, be and hereby is appointed to act as receiver for WGTI, WGTC and

Westridge, to (1) preserve the *status quo*; (2) ascertain the extent of commingling of funds

among WGTI, WGTC and Westridge; (3) ascertain the true financial condition of WGTI, WGTC

and Westridge and the disposition of investor funds; (4) prevent further dissipation of the property and assets of WGTI, WGTC and Westridge; (5) prevent the encumbrance or disposal of property or assets of WGTI, WGTC and Westridge and the investors; (6) preserve the books, records and documents of WGTI, WGTC and Westridge; (7) be available to respond to investor inquiries; (8) protect the assets of WGTI, WGTC and Westridge from further dissipation; and (9) determine if WGTI, WGTC and Westridge should undertake a bankruptcy filing.  To effectuate the foregoing, the receiver is hereby empowered to:

(a)    Take and retain immediate possession and control of all of the assets and property of WGTI, WGTC and Westridge and all entities they control or have an ownership interest in, and all books, records and documents of WGTI, WGTC and Westridge and all entities they control or have an ownership interest in, and the rights and powers of it with respect thereto;

(b)    Have exclusive control of, and be made the sole authorized signatory for, all accounts at any bank, brokerage firm or financial institution that has possession or control of any assets or funds of WGTI, WGTC and Westridge and all entities they control or have an ownership interest in;

(c)    succeed to all rights to manage all properties owned or controlled, directly or indirectly, by WGTI, WGTC and Westridge;

(d)    Pay from available funds necessary business expenses required to preserve the assets and property of WGTI, WGTC and Westridge and all entities they control or have an ownership interest in, including the books, records, and documents of

19

the WGTI, WGTC and Westridge, notwithstanding the asset freeze imposed by

paragraph XII, XIII and XIV, above;

(e)     Take preliminary steps to locate assets that may have been conveyed to third

parties or otherwise concealed;

(f)     Take preliminary steps to ascertain the disposition and use of funds obtained by

Greenwood and Walsh resulting from the sale of securities issued by WGTI;

(g)     Engage and employ persons, including accountants, attorneys and experts, to

assist in the carrying out of the receiver's duties and responsibilities hereunder;

(h)     Take all necessary steps to gain control of the Defendants' interests in assets in

foreign jurisdictions, and those funds maintained in accounts at foreign

institutions, which may be proceeds of Defendants' fraud, including but not

limited to taking steps necessary to repatriate foreign assets.

(i)     Take such further action as the Court shall deem equitable, just and appropriate

under the circumstances upon proper application of the receiver.

### XIX.

**IT IS FURTHER ORDERED** that the Defendants shall pay the reasonable costs, fees and

expenses of the receiver incurred in connection with the performance of his duties described

herein, including, but not limited to, the reasonable costs, fees and expenses of all persons who

may be engaged or employed by the receiver to assist him in carrying out his duties and

obligations.  All applications for costs, fees and expenses of the receiver and those employed by

him shall be made by application to the Court setting forth in reasonable detail the nature of such

costs, fees and expenses and shall conform to the Fee Guidelines that will be supplied by the U.S. Securities and Exchange Commission.

**XX.**

    **IT IS FURTHER ORDERED** that discovery is expedited as follows:  pursuant to Rules 26, 30, 31, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure ("F.R.C.P."), and without the requirement of a meeting pursuant to F.R.C.P. 26(f), the Commission and the Receiver may:

    (1)    Take depositions, subject to three (3) days' notice by facsimile or otherwise;

    (2)    Obtain the production of documents, within three (3) days from service by facsimile or otherwise of a request or subpoena, from the Defendants or Relief Defendants, or any other persons or entities, including non-party witnesses;

    (3)    Obtain other discovery from the Defendants and Relief Defendants, including further interrogatories and requests for admissions, within three (3) days from the date of service by facsimile or otherwise of such other discovery requests, interrogatories, or requests for admissions;

    (4)    Service of any discovery requests, notices, or subpoenas may be made by personal service, facsimile, overnight courier, or first-class mail; and

    (5)    The receiver may take discovery in this action without further order of the Court.

**XXI.**

    **IT IS FURTHER ORDERED** that a copy of this Order and the papers supporting the Commission's Application be served upon the Defendants and Relief Defendants on or before _4PM_, _Thursday_, _February 26th_, 2009, by personal delivery, facsimile, overnight courier, email, or first-class mail.

21

**XXII.**

**IT IS FURTHER ORDERED** that the Defendants and Relief Defendants shall deliver any opposing papers in response to the Order to Show Cause above no later than *Monday* *March 2nd*, 2009, at 4:00 p.m. Service shall be made by delivering the papers, using the most expeditious means available, by that date and time, to the New York Regional Office of the Commission at 3 World Financial Center, Suite 400, New York, New York 10281, Attn: Joseph P. Dever, Esq., or such other place as counsel for the Commission may direct in writing. The Commission shall have until *MARCH 3RD*, 2009, at ~~5:00 p.m.~~ *11:00AM*, to serve, by the most expeditious means available, any reply papers upon the Defendants, or upon their counsel, if counsel shall have made an appearance in this action then.

**XXIII.**

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon the Defendants and Relief Defendants, and each of their officers, agents, servants, employees and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, email or otherwise.

_George B. Daniel_
_____
UNITED STATES DISTRICT JUDGE
HON. GEORGE B. DANIELS

Issued at : _____:_____ ___.m.
_____, 2009
New York, New York

22