# EXHIBIT F

DONNELLS, J

In The United States District Court
For The Southern District Of New York

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br>　　　　　Plaintiff,<br>vs.<br>STEPHEN WALSH, PAUL GREENWOOD, WESTRIDGE CAPITAL MANAGEMENT, INC., WG TRADING INVESTORS, LP, WGIA, LLC,<br>　　　　　Defendants,<br>WESTRIDGE CAPITAL MANAGEMENT ENHANCEMENT FUNDS INC., WG TRADING COMPANY LP, WGI LLC, K&L INVESTMENTS, AND JANET WALSH,<br>　　　　　Relief Defendants. | Civil Action No: 09-CV-1749 (GBD)<br><br>▮▮▮ Order of Preliminary Injunction Against Defendants<br><br>ECF Case |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAY 2 2 2009

## ORDER OF PRELIMINARY INJUNCTION AGAINST DEFENDANTS

Plaintiff, U.S. Commodity Futures Trading Commission ("Commission") has filed a Complaint against Defendants Stephen Walsh, Paul Greenwood, Westridge Capital Management, Inc., WG Trading Investors, LP, and WGIA, LLC (collectively "Defendants") and Relief Defendants WG Trading Company LP, Westridge Capital Management Enhancement Funds, Inc., WGI LLC, K&L Investments, and Janet Walsh (collectively "Relief Defendants") for Permanent Injunction, Civil Penalties, and Other Equitable Relief, and moved for an *Ex Parte* Statutory Restraining Order and Preliminary Injunction. The Court issued a Statutory Restraining Order on February 25, 2009, which remains in effect until further order of this Court.

As it appears to the Court that there is good cause to believe that Defendants have engaged, are engaging in, or are about to engage in violations of the Commodity Exchange Act,

as amended ("Act") 7 U.S.C. §§ 1 et. seq. (2006), and that this is a proper case for granting a preliminary injunction to preserve the *status quo*, protect public customers from further loss and damage, and enable the Commission to fulfill its statutory duties, the Court enters this Order as follows:

**DEFINITIONS**

For the purposes of this Order, the following definitions apply:

1. "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables, contracts, insurance policies, and all cash, wherever located, whether in the United States or abroad.

2. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonable usable form. A draft or non-identical copy is a separate document within the meaning of the term.

3. The term "Defendants" refers to Stephen Walsh, Paul Greenwood, Westridge Capital Management, Inc., WG Trading Investors, LP, and WGIA, LLC, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee, or attorney of any of the Defendants, and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with any of the Defendants.

2

4.  The term "Relief Defendants" refers to Westridge Capital Management Enhancement Funds, Inc., WG Trading Company LP, WGI, LLC, K&L Investments, and Janet Walsh.

## I.

### *Jurisdiction and Venue*

**IT IS HEREBY ORDERED** that:

5.  This Court has jurisdiction over the Defendants and the subject matter of this case pursuant to Section 6c(a) of the Commodity Exchange Act (the "Act") 7 U.S.C. § 13a-1(a) (2006), which authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order thereunder.

6.  Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e), in that Defendants are found, inhabit, or transact business in this district, and the acts, practices, and conduct that allegedly violated the Act has occurred, is occurring, or is about to occur within this district, among other places.

## II.

### *Prohibition from Violating the Act*

**IT IS HEREBY ORDERED** that:

7.  Defendants, except as otherwise ordered by this Court, are restrained and preliminarily enjoined from directly or indirectly:

   A.  Cheating or defrauding or attempting to cheat or defraud other persons, or willfully deceiving or attempting to deceive by any means whatsoever other

3

persons in or in connection with orders to make, or the making of, contracts of sale of commodities, for future delivery, made, or to be made, for or on behalf of such other persons where such contracts for future delivery were or may have been used for (a) hedging any transaction in interstate commerce in such commodity, or the produce or byproducts thereof, or (b) determining the price basis of any transaction in interstate commerce in such commodity, or (c) delivering any such commodity sold, shipped or received in interstate commerce for the fulfillment thereof in violation of Sections 4b(a)(2)(i) and (iii) of the Act, 7 U.S.C. §§ 6b(a)(2)(i) and (iii) (2006);

B. in or in connection with any order to make, or the making of, any contract of sale of any commodity in interstate commerce or for future delivery that is made, or to be made, on or subject to the rules of a designated contract market, for or on behalf of any other person – (A) cheating or defrauding or attempting to cheat or defraud the other person; or (C) willfully deceiving or attempting to deceive the other person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed, with respect to any order or contract for the other person in violation of Sections 4b(a)(1)(A) and (C) of the Act as amended by the CFTC Reauthorization Act ("CRA"), §§ 13101-13204, 122 Stat. 1651 (effective June 18, 2008) to be codified at 7 U.S.C. §§ 6b (a)(1)(A) and (C); or

C. engaging in any activity related to trading in any commodity, as that term is defined in Section 1a(4) of the Act, 7 U.S.C. § 1a(4), ("commodity interest"), including but not limited to the following:

4

(1) Trading on or subject to the rules of any registered entity, at that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29) (2006);

(2) Engaging in, controlling or directing the trading for any commodity interest account for or on behalf of any other person or entity, whether by power of attorney or otherwise;

(3) Soliciting, receiving, or accepting any funds from any person in connection with the purchase or sale of any commodity interest contract; Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2008), or acting as a principal, agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission, except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2008);

(4) Entering into any commodity interest transactions for his or its own personal accounts, for any account in which he or it has a direct or indirect interest and/or having any commodity interests traded on his or its behalf; and/or

(5) Engaging in any business activities related to commodity interest trading.

5

III.

*Continued Force and Effect of Statutory Restraining Order*

**IT IS HEREBY ORDERED** that:

8. The Court's February 25, 2009 Statutory Restraining Order ("SRO") shall continue in full force and effect against Defendants until further order of the Court. Defendants shall comply fully with all requirements of the SRO including, but not limited to, the requirements pertaining to the: (1) asset freeze, (2) directives to financial institutions and others, (3) maintenance and access to business records, and (4) inspection and copying of books and records. The SRO's prohibition against transfer, dissipation, and disposal of assets shall continue to apply to all assets directly or indirectly under the control of any of the Defendants.

IV.

*Continued Force and Effect of Court's Appointment of Receiver*

**IT IS HEREBY ORDERED** that:

9. The Receiver appointed under this Court's SRO shall continue to serve as Receiver in this proceeding with all of the duties and powers set forth in the SRO. Pursuant to the SRO, Defendants, and all other persons or entities served with a copy of the SRO shall cooperate fully with and assist the Receiver.

V.

*Service of Order*

**IT IS HEREBY ORDERED** that:

10. Copies of this Order may be served by any means, including facsimile transmission and electronic mail, upon any financial institution or other entity or person that may

have possession, custody, or control of any documents or assets of Defendants or that may be subject to any provision of this Order.

## VI.

### *Service on the Commission*

**IT IS HEREBY ORDERED** that:

11. Defendants shall serve all notices and other such materials required by this Order, and other materials on the Commission by delivering a copy to Paul G. Hayeck, Associate Director, and Peter M. Haas, Chief Trial Attorney, Division of Enforcement, U.S. Commodity Futures Trading Commission, 1155 21st, N.W. Washington, DC 20581 via FedEx or other reliable overnight delivery service.

## VII.

### *Force and Effect of Order*

**IT IS HEREBY ORDERED** that:

12. This Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes.

SO ORDERED, this _____ day of May, 2009.
MAY 2 1 2009

*/s/ George B Daniels*
George B. Daniels
UNITED STATES DISTRICT JUDGE
HON. GEORGE B. DANIELS

CONSENT TO RELEASE OF FINANCIAL RECORDS

I, _____, do hereby direct any bank or trust company at which I have a bank account of any kind upon which I am authorized to draw, and its officers, employees and agents, to disclose all information and deliver copies of all documents of every nature in your possession or control which relate to said bank accounts to any attorney of the U.S. Commodity Futures Trading Commission, and to give evidence relevant thereto, in the matter of *U.S. Commodity Futures Trading Commission v. Stephen Walsh, Paul Greenwood, et al.*, now pending before the United States District Court for the Southern District of New York, and this shall be irrevocable authority for so doing. This direction is intended to apply to the laws of countries other than the United States which restrict or prohibit the disclosure of bank information without the consent of the holder of the account, and shall be construed as consent with respect thereto, and the same apply to any of the bank accounts for which I may be a relevant principal.

Dated: _____, 2009

_____
Signature

8