# EXHIBIT G

**In The United States District Court**
**For The Southern District Of New York**

------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,       :
                                          :
              Plaintiff,                  :
                                          :
      - against -                         :
                                          :
WG TRADING INVESTORS, L.P.,               :   09-cv-1750 (GBD)
WG TRADING COMPANY, LIMITED PARTNERSHIP,  :
WESTRIDGE CAPITAL MANAGEMENT, INC.,       :   ECF Case
PAUL GREENWOOD and STEPHEN WALSH,         :
                                          :
              Defendants,                 :
      - and-                              :
                                          :
ROBIN GREENWOOD and JANET WALSH,          :
                                          :
              Relief Defendants.          :
------------------------------------------------------------x



## ORDER OF PRELIMINARY INJUNCTION

Plaintiff, U.S. Securities and Exchange Commission ("Commission") has filed a Complaint against Defendants WG Trading Investors, L.P., WG Trading Company Limited Partnership, Westridge Capital Management, Inc., Paul Greenwood and Stephen Walsh, (collectively "Defendants") and Relief Defendants Robin Greenwood and Janet Walsh (collectively "Relief Defendants") for Permanent Injunction, Civil Penalties, and Other Equitable Relief, and moved for an *Ex Parte* Temporary Restraining Order and Preliminary Injunction. The Court issued a Temporary Restraining Order on February 25, 2009, which remains in effect until further order of this Court.

As it appears to the Court that there is good cause to believe that Defendants have engaged, are engaging in, or are about to engage in violations of the Securities Act of 1933 [15



U.S.C. § 77(a) et seq.], the Securities Exchange Act of 1934 [15 U.S.C. § 78a et seq.], and the Investment Advisers Act of 1940 [15 U.S.C. § 80b-1 et seq.], and that this is a proper case for granting a preliminary injunction to preserve the *status quo*, protect public customers from further loss and damage, and enable the Commission to fulfill its statutory duties, the Court enters this Order as follows:

**DEFINITIONS**

For the purposes of this Order, the following definitions apply:

1. "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables, contracts, insurance policies, and all cash, wherever located, whether in the United States or abroad.

2. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonable usable form. A draft or non-identical copy is a separate document within the meaning of the term.

3. The term "Defendants" refers to WG Trading Investors, L.P., WG Trading Company Limited Partnership, Westridge Capital Management, Inc., Paul Greenwood, and Stephen Walsh, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee, or attorney of any of the Defendants, and any person who receives actual

notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with any of the Defendants.

I.

*Jurisdiction and Venue*

**IT IS HEREBY ORDERED** that:

4. This Court has jurisdiction over the Defendants and the subject matter of this case pursuant to Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)], Sections 21(e) and 27 of the Exchange Act [15 U.S.C. §§ 78u(e) and 78aa], and Section 214 of the Advisers Act [15 U.S.C. § 80b-14].

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391. The Defendants, directly and indirectly, have made use of the means and instrumentalities of interstate commerce, or of the mails, in connection with the transactions, acts, practices and courses of business alleged herein.

II.

*Prohibitions from Violating Section 17(a) of the Securities Act*

**IT IS HEREBY ORDERED** that

7. Defendants, and each of them, their agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, are preliminarily enjoined and restrained from, directly or indirectly, singly or in concert, in the offer or sale of any security, by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

(a) employing any device, scheme or artifice to defraud;

    (b)    obtaining money or property by means of an untrue statement of material fact or omitting to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading; and

    (c)    engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in violation of Section 17(a) of the Securities Act.

### III.

*Prohibitions from Violating Section 10(b) of the Securities Exchange Act and Rule 10b-5 Thereunder*

**IT IS HEREBY ORDERED** that,

8.    Defendants, and each of them, their agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, are preliminarily enjoined and restrained from, directly or indirectly, singly or in concert, in connection with the purchase or sale of any security, by use of the means or instrumentalities of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    (a)    employing any device, scheme, or artifice to defraud;

    (b)    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

IV.

***Prohibitions from Violating Sections 206(1), 206(2) and 206(4) of the Investment Advisers Act and Rule 206(4)-8 Thereunder***

**IT IS HEREBY ORDERED** that,

9. Defendants Westridge, Greenwood and Walsh, and each of them, their agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, are preliminarily enjoined and restrained from, directly or indirectly, singly or in concert, while acting as an investment adviser or associated person of an investment adviser, by the use of any means or instrumentality of interstate commerce, or of the mails:

   (a) employing any device, scheme, or artifice to defraud any client or prospective client; or

   (b) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon any client or prospective client, or

   (c) engaging in any act, practice, or course of business which is fraudulent, deceptive or manipulative,

in violation of Sections 206(1), 206(2) and 206(4) of the Advisers Act and Rule 206(4)-8 thereunder.

V.

*Continued Force and Effect of Temporary Restraining Order*

**IT IS HEREBY ORDERED** that:

10. The Court's February 25, 2009 Order to Show Cause, Temporary Restraining Order, and Order Freezing Assets and Granting Other Relief ("TRO") shall continue in full force and effect against Defendants until further order of the Court. Defendants shall comply fully with all requirements of the TRO including, but not limited to, the requirements pertaining to the: (1) asset freeze, (2) directives to financial institutions and others, (3) maintenance and access to business records, and (4) inspection and copying of books and records. The TRO's prohibition against transfer, dissipation, and disposal of assets shall continue to apply to all assets directly or indirectly under the control of any of the Defendants.

VI.

*Continued Force and Effect of Court's Appointment of Receiver*

**IT IS HEREBY ORDERED** that:

11. The Receiver appointed under this Court's TRO shall continue to serve as Receiver in this proceeding with all of the duties and powers set forth in the TRO. Pursuant to the TRO, Defendants and all other persons or entities served with a copy of the TRO shall cooperate fully with and assist the Receiver.

## VII.

### *Service of Order*

**IT IS HEREBY ORDERED** that:

12. Copies of this Order may be served by any means, including facsimile transmission and electronic mail, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Defendants, or that may be subject to any provision of this Order.

## VIII.

### *Service on the Commission*

**IT IS HEREBY ORDERED** that:

13. Defendants shall serve all notices and other such materials required by this Order, and other materials on the Commission by delivering a copy to Paul G. Gizzi, Senior Trial Counsel, and Thomas P. Smith, Jr., Senior Counsel, Division of Enforcement, U.S. Securities and Exchange Commission, 3 World Financial Center, Suite 400, New York, NY 10281 via FedEx or other reliable overnight delivery service.

///

///

///

///

///

///

///

///

IX.

*Force and Effect of Order*

**IT IS HEREBY ORDERED** that:

  14. This Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes.

**SO ORDERED**, this _____ day of _____, 2009.

MAY 2 1 2009

*George B. Daniels*

George B. Daniels
UNITED STATES DISTRICT JUDGE
N. GEORGE           ELS

## CONSENT TO RELEASE OF FINANCIAL RECORDS

I, _____, do hereby direct any bank or trust company at which I have a bank account of any kind upon which I am authorized to draw, and its officers, employees and agents, to disclose all information and deliver copies of all documents of every nature in your possession or control which relate to said bank accounts to any attorney of the U.S. Securities and Exchange Commission, and to give evidence relevant thereto, in the matter of *Securities and Exchange Commission v. WG Trading Investors, L.P., et al.*, now pending before the United States District Court for the Southern District of New York, and this shall be irrevocable authority for so doing. This direction is intended to apply to the laws of countries other than the United States which restrict or prohibit the disclosure of bank information without the consent of the holder of the account, and shall be construed as consent with respect thereto, and the same apply to any of the bank accounts for which I may be a relevant principal.

Dated: _____ _____, 2009

_____
Signature