**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------------x
UNITED STATES OF AMERICA                        :
                                                :
    -v-                                         :
                                                :        09-cr-722 (MGC)
PAUL GREENWOOD, and                             :
STEPHEN WALSH,                                  :
                      Defendants.               :
                                                :
------------------------------------------------------------------------x
```

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT PAUL GREENWOOD'S MOTION FOR ATTORNEYS' FEES AND COSTS

Defendant Paul Greenwood submits this reply memorandum of law in further support of his motion for attorneys' fees and costs.

### PRELIMINARY STATEMENT

The law of this Circuit provides that a criminal defendant is entitled to demonstrate that assets frozen by the government are untraceable to illegal conduct and then to utilize those untainted funds if necessary to retain counsel of choice in a criminal case. *See United States v. Monsanto,* 924 F.2d 1186, 1203 (2d Cir. 1991); *SEC v. Coates,* No. 94 Civ. 5361, 1994 WL 455558, at *3 (S.D.N.Y. Aug. 23, 1994). None of the four arguments set out in the government's Opposition to Mr. Greenwood's motion refutes this core jurisprudence or Mr. Greenwood's entitlement to his untainted assets.

First, the government accuses Mr. Greenwood of circumventing Judge Daniels' authority in filing his motion before this Court. Yet, it was precisely at the direction of Judge Daniels that Mr. Greenwood moved for fees before Your Honor. Second, the government claims that Mr. Greenwood is not entitled to use untainted assets to defend himself in the criminal case because the assets frozen in the civil matters are insufficient

to fully satisfy a civil judgment that may be entered against him in the future. This argument is contrary to settled law and to reason. If it were so, whenever a civil agency and the Department of Justice moved civilly and criminally against a defendant—and the disgorgement amount alleged by the agency was greater than the amount of the defendant's untainted assets—a defendant's Sixth Amendment right to counsel of choice in the criminal case would be eviscerated.

Third, the government claims that Mr. Greenwood's untainted collectibles cannot be valued, and accordingly, no funds should be advanced to him prior to their sale. Instead, the government argues that Mr. Greenwood should take possession of these assets and liquidate them himself. Mr. Greenwood has no objection to this proposal. Finally, the government asserts that the fees and costs sought by Mr. Greenwood are excessive. On the contrary, Mr. Greenwood respectfully submits that the estimate he has provided is conservative in light of the extensive pre-trial preparation mandated by the magnitude of the documents and the complexity of the transactions in this case.

## ARGUMENT

I. **MR. GREENWOOD'S MOTION FOR ATTORNEYS' FEES AND COSTS IS PROPERLY BEFORE THIS COURT**

Contrary to the government's position, Mr. Greenwood is not seeking to "second-guess" or "appeal" any decision by Judge Daniels in the civil matters. *See* Memorandum of Law of the United States of America In Opposition to Defendants Paul Greenwood's and Stephen Walsh's Motions for Release of Funds For Attorney's Fees and Costs ("Gov't Opp."), at 11, 14-15. In fact, Judge Daniels has made no ruling with respect to Mr. Greenwood's request for attorneys' fees and costs in the criminal case. Prior to Judge Daniels' issuance of the preliminary injunctions in the civil cases on May 22, 2009, Mr.

Greenwood alerted Judge Daniels that he was *not* seeking a carve-out for such fees at that time. *See* Supplemental Declaration of Susan R. Necheles ("Necheles Supp. Decl."), at 1-2. In a letter to Judge Daniels on March 20, 2009, and at oral argument on March 26, 2009, Mr. Greenwood expressly stated that he was not requesting attorneys' fees and costs for the criminal matter but was reserving the right to seek them at a future date. *See id.; see also* Declaration of John J. O'Donnell ("O'Donnell Decl."), Exs. I and D. As Mr. Greenwood's counsel explicitly said, "With respect to an asset carve-out at this time Mr. Greenwood is not asking for any assets to be carved out or any money to be allowed for his personal living expenses or for his attorneys' fees. . . . We're asking we reserve the right to come back later should that be necessary." O'Donnell Decl., Ex. D, at 36.

Six months later, on November 13, 2009, counsel for Mr. Greenwood informed Judge Daniels that he now intended to make a motion to release some funds for attorneys' fees and costs in the criminal matter, and expressly asked Judge Daniels for guidance regarding the filing of the motion. *See* Necheles Supp. Decl., at 2. Judge Daniels told counsel that he had already discussed with Your Honor the issue of attorneys' fees for Mr. Greenwood's criminal defense, advised that the application be made in the criminal case with a copy to him, and anticipated a joint determination would be made for the criminal and civil cases. *Id.* As Judge Daniels expressly stated in open court, "I would make that application to . . . [Judge Cedarbaum] in the first instance with a copy to me, and then I will discuss it with her when I see the papers." *Id.* On Wednesday, January 20, 2010, Your Honor's clerk contacted counsel for Mr. Greenwood to inform us that Judge Daniels will sit with your Honor at the oral argument on Mr. Greenwood's fee application on February 4, 2010. *See* Necheles Supp. Decl. at 2.

Clearly, Mr. Greenwood's application for attorneys' fees and costs has in no way violated principles of judicial comity, as the government contends. *See* Gov't Opp. at 14-15. Not only has Judge Daniels never ruled on Mr. Greenwood's request for such fees, but Mr. Greenwood sought the direction of Judge Daniels regarding his fee application, and followed Judge Daniels' instructions. Moreover, Judge Daniels will sit with Your Honor at oral argument on this motion. As Judge Daniels has suggested, we agree that Your Honor and Judge Daniels should issue a joint decision in the criminal and civil cases after your joint consideration of this motion. The claim that Mr. Greenwood is "judge-shopping," or seeks for this Court to "re-do" and "second guess" Judge Daniels' decision thereby "degrad[ing] the finality of judicial decisions," *id.,* is belied by the record and unsupportable.[1]

## II. THE ASSET FREEZE OF MR. GREENWOOD'S UNTAINTED ASSETS VIOLATES HIS CONSTITUTIONAL RIGHT TO COUNSEL OF HIS CHOICE IN THIS CRIMINAL CASE

Not one case cited by the government refutes Mr. Greenwood's assertion of his Sixth Amendment right to utilize untainted assets necessary for his retention of criminal counsel. Rather, each and every case cited by the United States is inapposite because it involves either *civil* litigation in which the defendant's Sixth Amendment rights are not implicated, a request by the defendant for the release of *tainted* funds, or the defendant's failure to demonstrate a need for the release of funds in order to retain his counsel of

---

[1] We note that the CFTC has filed in the civil cases a Notice of Opposition to Defendant's Filings in the Criminal Matter Requesting an Attorneys' Fees Carve-Out from the Preliminary Injunctions, and provided Your Honor with a courtesy copy. As Your Honor recognizes, there is one United States government that should be capable of presenting a uniform position with regard to the award of fees in this case. Indeed, the CFTC brief repeats the very same arguments made by the Department of Justice in its Opposition to Mr. Greenwood's motion. Mr. Greenwood has no objection to Your Honor and Judge Daniels fully considering the CFTC's arguments or providing them with an opportunity to be heard at the February 4, 2010 oral argument on his fee application.

choice. *See* Gov't Opp. at 15-21 (citing *SEC v. Quinn*, 997 F.2d 287 (7th Cir. 1993) (civil case, tainted funds); *SEC v. Stein*, 07 Civ. 3125 (GEL), 2009 WL 1181061 (S.D.N.Y. Apr. 30, 2009) (civil case, tainted funds); *SEC v. Sekhri*, 98 Civ. 2320 (RPP), 200 WL 1036295 (S.D.N.Y. July 26, 2000) (criminal case, no demonstrated need); *SEC v. Forte*, 598 F. Supp. 2d 689 (E.D. Pa. 2009) (civil case, seeking living expenses); *SEC v. Current Fin. Servs.*, 62 F. Supp. 2d 66 (D.D.C. 1999) (civil case); *SEC v. Roor,* 99 Civ. 3373 (JSM), 1999 WL 553823 (S.D.N.Y. July 29, 1999) (civil case, tainted funds); *SEC v. Grossman*, 887 F. Supp. 649 (S.D.N.Y. 1995) (civil case, tainted funds). Despite its attempt to suggest that cases subsequent to the 1994 *Coates* decision departed from its holding, the government cites not a single case in which a court denied a criminal defendant access to untainted assets necessary to fund a criminal defense because assets frozen in a civil case fell short of an anticipated disgorgement order.

Nor can the government succeed with its claim that Mr. Greenwood has already been afforded all of the due process to which he is entitled.[2] *See* Gov't Opp. at 21. As Judge Wood, citing *Monsanto*, held in *Coates*, the Fifth and Sixth Amendments require 1) that Mr. Greenwood be afforded an opportunity to demonstrate that there are assets frozen in the civil case that are not traceable to his alleged illegal conduct, and 2) that the assets be released to Mr. Greenwood if necessary for the retention of criminal counsel. *Id.*

---

[2] The cases cited by the government are inapposite. In *SEC v. Cobalt Multifamily Investors, I LLC*, 06 Civ. 2360 (KMW)(MHD), 2007 WL 1040309, at *2  n. 10 (S.D.N.Y. Apr. 2, 2007), Magistrate Dollinger concluded that *Monsanto* did not require an award of attorneys fees for use in a criminal case where the defendant offered no evidence that the frozen IOLTA funds he sought to be released were untainted, he had transferred the tainted funds to his criminal counsel in violation of a civil asset freeze, and he demonstrated no competent showing of need. The case of  *SEC v. Princeton Economic Int'l Ltd.*, 99 Civ. 9667 (RO), 2000 WL 1559673 (S.D.N.Y. Oct. 19, 2000) does not even address the due process issues presented by this case: whether a criminal defendant can be denied access to funds necessary for his criminal defense without an opportunity to demonstrate that frozen assets are untraceable to alleged illegal conduct.

at *3. Mr. Greenwood is properly seeking to exercise the fundamental constitutional rights which he possesses.

## III.    THE UNTAINTED ANTIQUES AND COLLECTIBLES CAN BE VALUED

The government claims that Mr. Greenwood should not be advanced funds based on a valuation of his untainted antiques and collectibles because it contends that they cannot be valued. Yet, at the direction of the Receiver in the civil cases, these collectibles were recently valued—on October 28, 2009—by Christie's, the auction house. The current value of Mr. Greenwood's untainted assets is approximately $1.5 million, very close to the purchase price of the assets when they were acquired prior to 1996. *See* Necheles Supp. Decl. at 2. Mr. Greenwood currently seeks less than the value of these items—$1 million—for fees and costs in the criminal case.

Counsel for Mr. Greenwood fully expects that the Receiver, in conjunction with Christie's, will attempt to maximize the sale price of all the assets, tainted and untainted. However, Mr. Greenwood is also willing to accept the government's proposal that the untainted assets be released into his control, and that he bear the burden of their sale. *See* Gov't Opp. at 24.

## IV.    MR. GREENWOOD'S APPLICATION FOR FEES AND COSTS IS REASONABLE

Neither of the cases cited by the government support its claim that Mr. Greenwood's request for fees and costs is unreasonable. *See* Gov't Opp. at 25. In *Stein,* the court denied $60,000 in legal fees because there was no showing by the defendant that the funds were untainted. 2009 WL 1181061, at *1. In *Sekhri,* the court rejected the defendant's request for $50,000 for criminal attorney's fees because it was "*not* a case in which defendant has been prevented from retaining the counsel of his choice because of

the freezing order," and thus his Sixth Amendment to counsel was not violated. 2000 WL 1036295 at *2 (emphasis added.). No authority cited by the government holds that sums sought to maintain a criminal defense were unreasonable because of the government's anticipated disgorgement amount.

Since Mr. Greenwood filed his opening papers, the government—at the December 1, 2009 status conference before this Court—has identified more than 330 additional boxes of documents, along with numerous electronic files, potentially relevant to Mr. Greenwood's defense to participation in a thirteen-year fraud. Necheles Supp. Decl. at 3. In light of the expanding record and the complexity and duration of the alleged illegal conduct, the request for $1 million for pre-trial preparation in the criminal case is eminently reasonable.

## CONCLUSION

For the reasons set forth above and in his opening papers, Mr. Greenwood respectfully requests that his Motion for Attorneys' Fees and Costs be granted.

Dated: New York, New York
     January 22, 2010

HAFETZ & NECHELES

_____

Frederick P. Hafetz, Esq. (FH 1219)
Susan R. Necheles (SN 1215)
Tracy E. Sivitz, Esq. (TES 3333)
500 Fifth Avenue
29th Floor
New York, New York 10110
212-997-7595
fph@hafetzlaw.com
srn@hafetzlaw.com
tes@hafetzlaw.com

Attorneys for Defendant Paul Greenwood

7