# EXHIBIT 1



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 5, 2010

**BY HAND**

The Honorable Miriam Goldman Cedarbaum
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1330
New York, NY 10007

> Re:   **United States v. Paul Greenwood and Stephen Walsh,**
>        **09 Cr. 722 (MGC)**

Dear Judge Cedarbaum:

The Government respectfully submits this letter to address the issues raised by the Court at the April 21, 2010 conference concerning the production of discovery in the above referenced case.

We enclose for the Court's review the Government's discovery letters sent on the following dates: (a) August 20, 2009; (b) September 16, 2009; (c) October 27, 2009 (letter to counsel for defendant Paul Greenwood); (d) October 27, 2009 (letter to counsel for defendant Stephen Walsh); (e) November 23, 2009; and (f) December 4, 2009 (letter to counsel for defendant Stephen Walsh, providing copies of materials obtained by his co-defendant). As the Court can see from these letters, the Government has provided extensive discovery to the defendants.

In addition, as we indicated in Court on February 4, 2010, the Government has obtained custody of approximately 80 boxes of materials maintained by the entities that the defendants used in perpetrating the fraud. The Court will recall that these boxes had been transported from the New York area to California by the Receiver so the Receiver could review them in conducting its investigation. In our August 2009 production, we had provided the defendants with an index to these materials and advised that they were available upon request from the Receiver. At the defendants' request, the Government had these materials shipped back to New York. We advised the Court and the defense on February 4, 2010, that these boxes are available for the defendants to review in New York City. (See 2/4/10 Tr. at 61-62). If the defendants wish to make copies of these documents at their own expense we will facilitate that process.

The Honorable Miriam Goldman Cedarbaum
May 5, 2010
Page 2

       Finally, we are providing the Court with a copy of a discovery letter and certain indexes that we are providing to the defendants today. As the Court can see from the letter, the Receiver has approximately 314 boxes located at a storage facility in Armonk, New York ("Armonk Materials"), and approximately 262 boxes and 6 computers from an entity known as Westridge Capital Management located in the Receiver's offices in California ("Westridge Materials"). We have previously advised the Court and the defense about the boxes located in storage in Armonk, New York, and the defendants were provided with an index of those documents on August 20, 2009. These documents have been available for the defendants to review since that time.

       With respect to the Westridge documents, we have previously advised the Court and the defense about these documents. Our position is that these documents are not relevant to the case and are not required to be produced pursuant to Fed. R. Cr. P. 16. Nevertheless, they have been available for the defendants to review since August 2009, and they remain available for review. However, these documents were maintained in the ordinary course of business in California, and the Government does not intend to ship them to New York.

       The Receiver also has 21 computers that WG Trading Company used for its securities trading. These computers are also available for the defendants' review upon request.

       Please contact the undersigned if the Court requires further information.

                Respectfully submitted,

                PREET BHARARA
                United States Attorney

                By: _____
                John J. O'Donnell
                Marissa Molé
                Assistant United States Attorneys
                Tel.: (212) 637-2490/2275

cc:    Via FedEX
        Fred Hafetz, Esq.
        Glenn C. Colton, Esq.



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 20, 2009

**BY FEDEX**

Frederick P. Hafetz, Esq.                    Andrew M. Lawler, Esq.
Susan Necheles, Esq.                         Sharon D. Feldman, Esq.
Tracy Sivitz, Esq.                           Andrew M. Lawler, P.C.
Hafetz & Necheles                            641 Lexington Avenue, 27th Floor
500 Fifth Avenue                             New York, New York 10022
29th Floor                                   (212) 832-3160
New York, NY 10110
(212) 997-7595

> Re:   **United States v. Paul Greenwood and Stephen Walsh,**
>        **09 Cr. 722 (MGC)**

Dear Counsel:

This letter provides discovery pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."), and seeks reciprocal discovery.

<u>Disclosure By the Government</u>

Based on your requests for discovery in this case, I have enclosed one DVD containing copies of the following materials, which are stamped with control numbers WG 1 - WG 21562:

1. A copy of the Complaint (09 Mag. 502);

2. A copy of the Indictment (09 Cr. 722);

3. Indexes of documents in the possession of Robb Evans & Co., the Court appointed receiver over WG Trading Company LP and related entities ("Receiver");

4. Promissory Notes executed by the defendants;

5. Documents obtained from the Iowa Public Employees Retirement System;

6. Documents obtained from Hartland & Company;

Defense Counsel
August 20, 2009
Page 2 of 4

    7. Documents obtained from Kaiser;

    8. Several notes issued by WG Trading Investors LP to various investors;

    9. Records obtained from Merrill Lynch concerning an account in the name of WG Trading Investors LP;

    10. A document listing Paul Greenwood's collection of teddy bears;

    11. Documents obtained from the University of Buffalo concerning Stephen Walsh's contributions;

    12. A copy of the Receiver's May 29, 2009 report to the Court, with attachments;

    13. Documents obtained from the Receiver, entitled Box 16 of 20;

    14. Documents obtained from Citibank;

    15. Documents obtained from JP Morgan Chase;

    16. Documents obtained from Bank of America;

    17. Documents obtained from M&T Bank;

    18. Documents obtained from Wachovia Bank; and

    19. Documents obtained by the National Futures Association during its audit of WG Trading Company and Westridge Capital Management, Inc., and related entities.

I have also enclosed the following additional discs, bearing the following control numbers:

    20. One DVD containing photographs and videotapes of the defendants' residences, marked WG 21563;

    21. Three DVD's containing documents obtained by the SEC examination staff during its audits of WG Trading Company LP and related entities, marked WG 21564-21566;

    22. One DVD containing documents obtained by the CFTC from Westridge Capital Management, Inc., marked WG 21567; and

Defense Counsel
August 20, 2009
Page 3 of 4

      23. Five DVD's containing archived e-mails from WG Trading Company LP and related
        entities, marked WG 21568-21572.

      If you wish to inspect any of the evidence listed above, including materials in the
possession of the Receiver, please let us know and we will make arrangements for you to do so.

      You have also made a request for Brady material. The Government recognizes its
obligations under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny. To date, the Government
is unaware of any Brady material regarding your clients, but will provide timely disclosure if any
such material comes to light.

      The Government will provide material under Giglio v. United States, 405 U.S. 150, 154
(1972), and its progeny, in a timely manner prior to trial.

      The Government recognizes that its obligation to provide discovery is of a continuing
nature, and the Government will supplement this response if it obtains additional evidence and
materials.

<u>Disclosure By the Defendant</u>

      In light of your request for the foregoing discovery, the Government hereby requests
reciprocal discovery under Fed. R. Crim. P. 16(b). Specifically, we request that you allow inspection
and copying of:  (1) any books, or copies or portions thereof, which are in each defendant's
possession, custody or control, and which the defendant intends to introduce as evidence or
otherwise rely on at trial; and (2) any results or reports of physical or mental examinations and of
scientific tests or experiments made in connection with this case, or copies thereof, which are in each
defendant's possession or control, and which the defendant intends to introduce as evidence or
otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call
at trial.

      The Government also requests that each defendant disclose prior statements of witnesses
he will call to testify. See Fed. R. Crim. P. 26.2; United States v. Nobles, 422 U.S. 225 (1975). We
request that such material be provided on the same basis upon which we agree to supply the
defendant with 3500 material relating to Government witnesses.

      Pursuant to Fed. R. Crim. P. 12.1(a), the Government hereby demands written notice if
the defendant intends to offer a defense of alibi. The offense occurred on the dates, and at the times
and places specified in the Indictment filed on July 24, 2009.

      We wish to remind you that Fed. R. Crim. P. 12.2 requires you to provide the

Defense Counsel
August 20, 2009
Page 4 of 4

Government with written notice if a defendant intends to rely on the defense of insanity at the time of the alleged crime or intends to introduce expert testimony relating to a mental disease, defect, or other condition bearing upon the issue of whether he had the mental state required for the offenses charged.

We also wish to remind you that Fed. R. Crim. P. 12.3(a) requires you to provide the Government with written notice if a defendant intends to claim a defense of actual or believed exercise of public authority on behalf of a law enforcement or Federal intelligence agency at the time of the alleged crime.

The Government requests a response to our Rule 12.1, 12.2 and 12.3 demands within the time period allowed by the Court for the filing of motions.

### Sentence Reduction for Acceptance of Responsibility

Please be advised that this Office will oppose both the two-point reduction under the Sentencing Guidelines for acceptance of responsibility, U.S.S.G. § 3E1.1(a), and the additional one-point reduction available for defendants who plead prior to the Government's initiation of trial preparations, U.S.S.G. § 3E1.1(b)(2), in the event your client has not entered a plea of guilty two weeks prior to trial. We will follow this policy whether or not suppression or other pretrial motions remain outstanding after this date and even if the trial date has not been announced by the Court two weeks in advance of the trial.

Please contact us at your earliest convenience concerning the possible disposition of this matter or any further discovery which you may request.

Very truly yours,

PREET BHARARA
United States Attorney

By: _____
John J. O'Donnell
Assistant United States Attorney
Tel: (212) 637-2490
Fax: (212) 637-2527



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 16, 2009

<u>**BY FEDEX**</u>

Frederick P. Hafetz, Esq.
Susan Necheles, Esq.
Tracy Sivitz, Esq.
Hafetz & Necheles
500 Fifth Avenue
29th Floor
New York, NY 10110
(212) 997-7595

Andrew M. Lawler, Esq.
Sharon D. Feldman, Esq.
Andrew M. Lawler, P.C.
641 Lexington Avenue, 27th Floor
New York, New York 10022
(212) 832-3160

> Re:  <u>United States v. Paul Greenwood and Stephen Walsh,</u>
> 09 Cr. 722 (MGC)

Dear Counsel:

This letter provides additional discovery pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P.").

<u>Disclosure By the Government</u>

Based on your requests for discovery in this case, I have enclosed:

(A)   One CD-Rom containing copies of the following materials, which are stamped with control numbers WG 21573 - WG 27280:

1. A copy of the Complaint in <u>SEC</u> v. <u>WG Trading Investors, LP, et al.,</u> 09 Civ. 1750 (GBD)("SEC Case"), as well as the Declaration of Thomas P. Smith, Jr., In Support Of Plaintiff's Emergency Application For A Temporary Restraining Order, Preliminary Injunction, Order To Show Cause, Asset Freeze And Other Relief, dated February 25, 2009. Please be advised that the Government reserves the right to use any and all materials filed in connection with the SEC case in the investigation and prosecution of this matter. We note that each defendant, as a party to that action, should receive copies of all filings.

2. A copy of the Complaint in <u>CFTC</u> v. <u>Walsh, et al.,</u> 09 Civ. 1749 (GBD)("CFTC Case"), as well as the Declaration of Patricia Gomersall, dated February 24, 2009, and the Declaration of Jennifer Sunu, dated February 24, 2009. Please be advised

Defense Counsel
September 16, 2009
Page 2

that the Government reserves the right to use any and all materials filed in connection with the CFTC case in the investigation and prosecution of this matter. We note that each defendant, as a party to that action, should receive copies of all filings.

3. Documents related to <u>Carnegie Mellon University, et al.</u> v. <u>Westridge Capital Management, Inc., et al.</u>, 09 Cv 215 (W.D. Pa.)("Carnegie Mellon case"). Please be advised that the Government reserves the right to use any and all materials filed in connection with the Carnegie Mellon case in the investigation and prosecution of this matter. We note that each defendant, as a party to that action, should receive copies of all filings.

4. Documents produced to the CFTC by Morgan Stanley.

5. Documents produced to the CFTC by Orion Capital Management, L.L.C.

6. Documents produced to the CFTC by Janet Schaberg.

7. Documents produced to the CFTC by Robb Evans & Co., the Court appointed receiver over WG Trading Company LP and related entities ("Receiver").

8. Consent to search computer forms executed by Deborah Duffy, and M. Val Miller, of Robb Evans, & Co., on behalf of WG Trading Co.

9. An index of WGTC account balances produced to the CFTC.

10. Copies of arrest processing, pedigree, and criminal history documents relevant for each defendant.

(B)    One DVD, marked with the control number WG 27281, containing documents produced to the CFTC in a Concordance readable-form by Orion Capital Management, L.L.C., Bank of America, and the Receiver.

(C)    Computer hard drives marked as set forth below. Each defendant is being provided with three computer hard drives containing identical contents:

   a. DEHQ3 or DEHQ8:    80 GB hard drive received from WG Trading Co.

   b. DEHQ4 or DEHQ6:    250 GB hard drive received from Deborah Duffy.

   c. DEHQ5 or DEHQ7:    80 or 100 GB hard drive received from WG Trading Co.

Defense Counsel
September 16, 2009
Page 3

      You have also made a request for <u>Brady</u> material.  The Government recognizes its obligations under <u>Brady</u> v. <u>Maryland,</u> 373 U.S. 83 (1963), and its progeny.  To date, the Government is unaware of any <u>Brady</u> material regarding your clients, but will provide timely disclosure if any such material comes to light.

      The Government will provide material under <u>Giglio</u> v. <u>United States,</u> 405 U.S. 150, 154 (1972), and its progeny, in a timely manner prior to trial.

      The Government recognizes that its obligation to provide discovery is of a continuing nature, and the Government will supplement this response if it obtains additional evidence and materials.

<u>Sentence Reduction for Acceptance of Responsibility</u>

      Please be advised that this Office will oppose both the two-point reduction under the Sentencing Guidelines for acceptance of responsibility, U.S.S.G. § 3E1.1(a), and the additional one-point reduction available for defendants who plead prior to the Government's initiation of trial preparations, U.S.S.G. § 3E1.1(b)(2), in the event your client has not entered a plea of guilty two weeks prior to trial.  We will follow this policy whether or not suppression or other pretrial motions remain outstanding after this date and even if the trial date has not been announced by the Court two weeks in advance of the trial.

      Please contact us at your earliest convenience concerning the possible disposition of this matter or any further discovery which you may request.

      Very truly yours,

      PREET BHARARA
      United States Attorney

By: _____
    John J. O'Donnell
    Assistant United States Attorney
    Tel: (212) 637-2490
    Fax: (212) 637-2527



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 27, 2009

**BY FEDEX**

Frederick P. Hafetz, Esq.
Susan Necheles, Esq.
Tracy Sivitz, Esq.
Hafetz & Necheles
500 Fifth Avenue
29th Floor
New York, NY 10110
(212) 997-7595

    Re:    <u>United States v. Paul Greenwood and Stephen Walsh,</u>
              **09 Cr. 722 (MGC)**

Dear Counsel:

        This letter provides additional discovery pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P.").

Disclosure By the Government

        Based on your requests for discovery in this case, I have enclosed:

1. Copies of documents relating to interviews of defendant Paul Greenwood on March 5, 2009, and May 4, 2009, which bear bates numbers Greenwood 1 through Greenwood 101. We understand that the attorneys from the Securities and Exchange Commission and Commodity Futures Trading Commission who attended the interviews did not take notes during the interviews.

2. Copies of documents relating to the investment of the Blue Cross and Blue Shield National Retirement Trust, which are numbered WG 27282 to 27412.

        The Government recognizes that its obligation to provide discovery is of a continuing nature, and the Government will supplement this response if it obtains additional evidence and materials.

Frederick P. Hafetz, Esq.
Susan Necheles, Esq.
Tracy Sivitz, Esq.
October 27, 2009
Page 2

<u>Sentence Reduction for Acceptance of Responsibility</u>

Please be advised that this Office will oppose both the two-point reduction under the Sentencing Guidelines for acceptance of responsibility, U.S.S.G. § 3E1.1(a), and the additional one-point reduction available for defendants who plead prior to the Government's initiation of trial preparations, U.S.S.G. § 3E1.1(b)(2), in the event your client has not entered a plea of guilty two weeks prior to trial. We will follow this policy whether or not suppression or other pretrial motions remain outstanding after this date and even if the trial date has not been announced by the Court two weeks in advance of the trial.

Please contact us at your earliest convenience concerning the possible disposition of this matter or any further discovery which you may request.

Very truly yours,

PREET BHARARA
United States Attorney

By: _____
John D. O'Donnell
Marissa Molè
Assistant United States Attorneys
Tel: (212) 637-2490/2275
Fax: (212) 637-0083



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 27, 2009

**BY FEDEX**

Glenn C. Colton, Esq.
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, NY 10020-1089
212.398.5797

> Re: **United States v. Paul Greenwood and Stephen Walsh,**
> **09 Cr. 722 (MGC)**

Dear Mr. Colton:

This letter provides additional discovery pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P.").

<u>Disclosure By the Government</u>

Based on your requests for discovery in this case, I have enclosed:

1. Copies of documents relating to interviews of defendant Stephen Walsh on March 5, 2009, and May 6, 2009, which bear bates numbers Walsh 1 through Walsh 35. We understand that the attorneys from the Securities and Exchange Commission and Commodity Futures Trading Commission who attended the interviews did not take notes during the interviews.

2. Copies of documents relating to the investment of the Blue Cross and Blue Shield National Retirement Trust, which are numbered WG 27282 to 27412.

The Government recognizes that its obligation to provide discovery is of a continuing nature, and the Government will supplement this response if it obtains additional evidence and materials.

Glenn C. Colton, Esq.
October 27, 2009
Page 2

<u>Sentence Reduction for Acceptance of Responsibility</u>

Please be advised that this Office will oppose both the two-point reduction under the Sentencing Guidelines for acceptance of responsibility, U.S.S.G. § 3E1.1(a), and the additional one-point reduction available for defendants who plead prior to the Government's initiation of trial preparations, U.S.S.G. § 3E1.1(b)(2), in the event your client has not entered a plea of guilty two weeks prior to trial. We will follow this policy whether or not suppression or other pretrial motions remain outstanding after this date and even if the trial date has not been announced by the Court two weeks in advance of the trial.

Please contact us at your earliest convenience concerning the possible disposition of this matter or any further discovery which you may request.

Very truly yours,

PREET BHARARA
United States Attorney

By: _____
John J. O'Donnell
Marissa Molè
Assistant United States Attorneys
Tel: (212) 637-2490/2275
Fax: (212) 637-0083



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 23, 2009

**BY FEDEX**

Glenn C. Colton, Esq.
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, NY 10020-1089
212.398.5797

Frederick P. Hafetz, Esq.
Susan Necheles, Esq.
Tracy Sivitz, Esq.
Hafetz & Necheles
500 Fifth Avenue
29th Floor
New York, NY 10110
(212) 997-7595

      Re:    <u>**United States v. Paul Greenwood and Stephen Walsh**</u>,
                **09 Cr. 722 (MGC)**

Dear Counsel:

      This letter provides additional discovery pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P.").

<u>Disclosure By the Government</u>

      Based on your requests for discovery in this case, we have enclosed a CD-Rom containing copies of documents from the "Employee Advances" files maintained by WG Trading Company LLP, and its affiliates.

      The Government recognizes that its obligation to provide discovery is of a continuing nature, and the Government will supplement this response if it obtains additional evidence and materials.

Defense Counsel
November 23, 2009
Page 2

<u>Sentence Reduction for Acceptance of Responsibility</u>

   Please be advised that this Office will oppose both the two-point reduction under the
Sentencing Guidelines for acceptance of responsibility, U.S.S.G. § 3E1.1(a), and the additional one-
point reduction available for defendants who plead prior to the Government's initiation of trial
preparations, U.S.S.G. § 3E1.1(b)(2), in the event your client has not entered a plea of guilty two
weeks prior to trial.  We will follow this policy whether or not suppression or other pretrial motions
remain outstanding after this date and even if the trial date has not been announced by the Court two
weeks in advance of the trial.

   Please contact us at your earliest convenience concerning the possible disposition of this
matter or any further discovery which you may request.

       Very truly yours,

       PREET BHARARA
       United States Attorney


     By: _____
      John J. O'Donnell
      Marissa Molè
      Assistant United States Attorneys
      Tel: (212) 637-2490/2275
      Fax: (212) 637-0083



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 4, 2009

**BY FEDEX**

Glenn C. Colton, Esq.
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, NY 10020-1089
212.398.5797

     Re:    <u>United States v. Paul Greenwood and Stephen Walsh,</u>
                  **09 Cr. 722 (MGC)**

Dear Mr. Colton:

     This letter provides additional discovery pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P.").

<u>Disclosure By the Government</u>

     Based on your requests for discovery in this case, we have enclosed four CD-Roms containing copies of documents that the Receiver previously provided to counsel for Paul Greenwood.

     The Government recognizes that its obligation to provide discovery is of a continuing nature, and the Government will supplement this response if it obtains additional evidence and materials.

Glenn C. Colton, Esq.
December 4, 2009
Page 2

<u>Sentence Reduction for Acceptance of Responsibility</u>

Please be advised that this Office will oppose both the two-point reduction under the Sentencing Guidelines for acceptance of responsibility, U.S.S.G. § 3E1.1(a), and the additional one-point reduction available for defendants who plead prior to the Government's initiation of trial preparations, U.S.S.G. § 3E1.1(b)(2), in the event your client has not entered a plea of guilty two weeks prior to trial. We will follow this policy whether or not suppression or other pretrial motions remain outstanding after this date and even if the trial date has not been announced by the Court two weeks in advance of the trial.

Please contact us at your earliest convenience concerning the possible disposition of this matter or any further discovery which you may request.

Very truly yours,

PREET BHARARA
United States Attorney

By: _____
John J. O'Donnell
Marissa Molè
Assistant United States Attorneys
Tel: (212) 637-2490/2275
Fax: (212) 637-0083

cc: <u>Via Telecopier w/o enclosure</u>
Susan Necheles, Esq.
Tracey Sivitz, Esq.