UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

UNITED STATES OF AMERICA

    -v-

PAUL GREENWOOD, and
STEPHEN WALSH,

               Defendants.

------------------------------------------------------------X

09 Cr. 722 (MGC)

## DECLARATION OF STEPHEN WALSH IN SUPPORT OF DEFENDANT STEPHEN WALSH'S PRE-DISCOVERY MOTIONS

I, Stephen Walsh, declare as follows:

1. I am a defendant in the above-captioned action. I submit this declaration for the very limited purpose of supporting my motion for the return of personal and privileged documents and other materials. I, therefore, have not included every fact known to me relating to the subject matter of this action.

2. At all times relevant to this motion, I expected that all offices maintained for the purpose of conducting the business of WG Trading Company, LP ("WG Trading"), WG Trading Investors ("WG Trading Investors"), LP and Westridge Capital Management, Inc., including, but not limited to, offices located at 3333 New Hyde Park Rd., Suite 411, North Hills, NY (the "Long Island Office"), One Lafayette Place, Second Floor, Greenwich, Connecticut (the "Connecticut Office"), 111 Town Square Place, Suite 1405, Jersey City, New Jersey (the "New Jersey Office"), 222 East Carrillo Street, Suite 300, Santa Barbara, California (the "Santa Barbara Office") would remain private and free from intrusion.

3. In or around the late 1980s/ early 1990s, I worked primarily out of the Connecticut Office.

4. Once the Long Island Office opened, I primarily worked out of the Long Island Office. I had my own office and my assistant, Carol Martinez, had an office directly adjacent to mine. I stored work-related, as well as personal, documents and materials within both my private office and Ms. Martinez's office. Additionally, Ms. Martinez kept my electronic files on a computer located within her office. The Long Island Office also contained open common areas, in which I stored additional materials, and to which I had regular access. I expected that all of the documents and materials in all areas of the Long Island Office would remain private and free from unlawful official intrusion.

5. Although I worked primarily from the Long Island Office after it opened, I would travel to the Connecticut Office multiple times a year for business reasons. WG Trading and WG Trading Investors stored original financial statements and company documents in the Connecticut Office. I expected that these materials would remain private and free from unlawful official intrusion.

6. Additionally, I traveled to the New Jersey Office for business multiple times a year. I expected that the documents stored in the New Jersey Office would remain private and free from unlawful official intrusion.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed the twenty-eighth day of July, 2010, in Sands Point, New York.

Stephen Walsh