E4PMWALP

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4         v.                              09 Cr. 722 (MGC)(KNF)

5   STEPHEN WALSH,

6               Defendant.

7   ------------------------------x

8                                         New York, N.Y.
                                          April 25, 2014
9                                         10:40 a.m.

10

11  Before:

                    HON. KEVIN N. FOX,
12
                                          Magistrate Judge
13

14                     APPEARANCES

15  PREET BHARARA
         United States Attorney for the
16       Southern District of New York
    BENJAMIN NAFTALIS
17  JESSICA MASELLA
         Assistant United States Attorneys
18
    SHER TREMONTE
19       Attorneys for Defendant
    BY:  MICHAEL TREMONTE
20       JUSTIN M. SHER

21

22

23

24

25

1          (Case called)

2          MR. NAFTALIS:  Good morning, your Honor, Benjamin

3     Naftalis and Jessica Masella for the government.  We are joined

4     by FBI Special Agent Michael Braconi.

5          MR. TREMONTE:  Good morning, your Honor, Michael

6     Tremonte and Justin Sher for Mr. Stephen Walsh.  Good morning.

7          THE COURT:  Good morning.

8          Is there an application on behalf of the defendant?

9          MR. TREMONTE:  I'm sorry, your Honor?

10         THE COURT:  Is there an application on behalf of the

11    defendant?

12         MR. TREMONTE:  Yes.  The defendant wishes this morning

13    to enter a plea of guilty.

14         THE COURT:  Is he tendering a plea of guilty to all

15    charges made against him?

16         MR. TREMONTE:  No.  Specifically to the two charges

17    that are specified in the plea agreement.  He is pleading

18    pursuant to a written plea agreement dated April 24, 2014.  And

19    the charge is one count of securities fraud in violation of

20    Title 15, United States Code, Section 78j(b) and 78ff.

21         THE COURT:  Mr. Walsh, I have before me indictment 09

22    Cr. 922, a multicount indictment that we will be focusing on

23    Count Two of the indictment only during the proceeding.

24         You have a right to have this morning's proceeding

25    presided over by a district judge.  You may, if you wish,

E4PMWALP

 1  consent to have a magistrate judge preside at this morning's

 2  proceeding.

 3          In that connection I have before me a document which

 4  is labeled consent to proceed before a United States Magistrate

 5  Judge on a felony plea allocution.

 6          Mr. Cancellarich, will you swear the defendant,

 7  please.

 8          THE DEPUTY CLERK:  Will the defendant rise and please

 9  state his name on the record.

10          THE DEFENDANT:  Stephen Walsh.

11          (Defendant sworn)

12          THE COURT:  Mr. Walsh, I want to show you the consent

13  form about which I was speaking a moment ago.

14          Do you recognize the document?

15          THE DEFENDANT:  Yes, I do, your Honor.

16          THE COURT:  Did you have an opportunity to review it

17  with your attorneys?

18          THE DEFENDANT:  Yes, I have, your Honor.

19          THE COURT:  Is there anything in the consent form that

20  you do not understand?

21          THE DEFENDANT:  No, your Honor.

22          THE COURT:  Do you acknowledge that it explains in

23  greater detail what I mentioned to you a moment ago about your

24  right to have this morning's proceeding presided over by a

25  district judge and, further, that by signing the agreement you

1    are agreeing that a magistrate judge may preside at this

2    morning's proceeding?

3              THE DEFENDANT:  Yes, I do, your Honor.

4              THE COURT:  Is your true signature on the consent

5    form?

6              THE DEFENDANT:  Yes, it is, sir.

7              THE COURT:  Did anyone force you to sign the document?

8              THE DEFENDANT:  No.

9              THE COURT:  Let me turn my attention to your counsel.

10   Is your signature also on the consent form?

11             MR. TREMONTE:  Yes, it is, your Honor.

12             THE COURT:  Very well.  I shall sign the document and

13   we will continue.

14             Mr. Walsh, would you state your full name, please?

15             THE DEFENDANT:  Stephen Walsh.

16             THE COURT:  Within the last 24 hours, have you

17   consumed any medicine, alcohol or drugs that would affect your

18   ability to understand what you are doing here today?

19             THE DEFENDANT:  No, I have not.

20             THE COURT:  Are you under the care of a physician or

21   psychiatrist for any condition?

22             THE DEFENDANT:  Yes.

23             THE COURT:  Which physician or psychiatrist?

24             THE DEFENDANT:  Dr. Gary Wadler is my general

25   physician, and just normal -- he is my internist.  And

1    Dr. Terry Weill is a psychiatrist that I've been seeing for

2    probably 25 years.

3              THE COURT:  Is there anything about the treatment that

4    you are receiving from either the physician or psychiatrist for

5    your conditions that would affect your ability to understand

6    what you are doing here today?

7              THE DEFENDANT:  No, sir.

8              THE COURT:  Have you ever been treated for alcoholism

9    or drug addiction?

10             THE DEFENDANT:  I am a recovering alcoholic.

11             THE COURT:  Is there anything about any treatment that

12   you have received in connection with that condition that would

13   affect your ability to understand what you are doing here

14   today?

15             THE DEFENDANT:  No, sir.

16             THE COURT:  Sir, do you feel all right today?

17             THE DEFENDANT:  Yes, your Honor.

18             THE COURT:  Can you tell me what the extent of your

19   education is, sir?

20             THE DEFENDANT:  I have a PA in political science and I

21   have about a year and a half of graduate school at Baruch in

22   finance and investments.

23             THE COURT:  Have you received a copy of indictment 09

24   Cr. 722?

25             THE DEFENDANT:  Yes, your Honor.

E4PMWALP

1    THE COURT:  Do you wish to have Count Two of the

2    indictment, which I indicated earlier we will be focusing on,

3    read to you now in open court?

4    THE DEFENDANT:  No.

5    THE COURT:  Do you understand what it says that you

6    did at Count Two of the indictment?

7    THE DEFENDANT:  Yes, your Honor.

8    THE COURT:  Have you had sufficient opportunity to

9    speak with your attorneys about the charge contained at Count

10   Two of the indictment and how you wish to plead to it?

11   THE DEFENDANT:  Yes, your Honor.

12   THE COURT:  Are you satisfied with the assistance that

13   your counsel has rendered to you in connection with this

14   matter?

15   THE DEFENDANT:  Yes, I am, sir.

16   THE COURT:  Are you ready to plead to Count Two of

17   indictment 09 Cr. 722?

18   THE DEFENDANT:  Yes, I am, your Honor.

19   THE COURT:  What is your plea, sir, guilty or not

20   guilty?

21   THE DEFENDANT:  Guilty.

22   THE COURT:  Are you a United States citizen?

23   THE DEFENDANT:  Yes, I am, your Honor.

24   THE COURT:  Do you understand that by pleading guilty

25   to the offense that is set forth at Count Two of the

E4PMWALP

1   indictment, you may be giving up certain valuable civil rights

2   that you possess; among others, the following:  The right to

3   vote, the right to hold public office, the right to serve on a

4   jury, the right to possess any type of firearm, including

5   rifles and shotguns, the right to be considered for certain

6   types of employment, and the right to possess or obtain certain

7   professional licenses?

8           THE DEFENDANT:  Yes, I'm aware of that, your Honor.

9           THE COURT:  I have to determine, sir, whether your

10  plea of guilty is being made voluntarily and whether you

11  understand fully the nature of the charge made against you at

12  Count Two of the indictment and the consequences of your plea,

13  so I shall be asking you additional questions.  I first want to

14  ensure that you understand the nature of the charge made

15  against you at Count Two of the indictment.

16          Count Two of the indictment charges you with

17  securities fraud in violation of Title 15, United States Code,

18  Sections 78j(b) and 78ff; Title 17, Code of Federal

19  Regulations, Section 240.10b-5 and Title 18 United States Code

20  Section 2.  Section 2 of Title 18 makes it an offense for a

21  person to aid or abet another in the commission of a crime.

22          The law provides as a maximum penalty for the offense

23  set forth at Count Two of the indictment the following:  A

24  maximum sentence of 20 years' imprisonment, a maximum fine of

25  the greatest of $5 million, twice the gross pecuniary gain

1  derived from the offense or twice the gross pecuniary loss to

2  persons other than yourself resulting from the offense, a

3  maximum term of three years' supervised release, and a

4  mandatory $100 special assessment.

5      I wanted also to draw to your attention, before I

6  continue, that the indictment contains a forfeiture allegation

7  through which the government has indicated it will seek to

8  recoup certain funds associated with the illegal conduct

9  described in the indictment.

10      Are you aware that the indictment contains a

11  forfeiture allegation?

12      THE DEFENDANT:  Yes, I am, your Honor.

13      THE COURT:  You may also be subject to an order of

14  restitution, pursuant to Title 18, United States Code, Sections

15  3663, 3663(a), and 3664.

16      Sir, if you are sentenced to a term of supervised

17  release and violate the conditions of that supervised release

18  such that it is revoked, you expose yourself to serving in

19  prison all or part of the term of supervised release authorized

20  by statute for the offense that resulted in such term of

21  supervised release, without credit for time previously served

22  on postrelease supervision.

23      Mr. Walsh, do you understand the nature of the charge

24  made against you at Count Two of the indictment?

25      THE DEFENDANT:  Yes, I do.

E4PMWALP

1          THE COURT:  And do you also understand the range of

2    penalties, including the maximum sentence to which you are

3    potentially exposing yourself by your plea?

4          THE DEFENDANT:  Yes, I am, your Honor.

5          THE COURT:  Sir, do you understand that you have a

6    right to plead not guilty and to have a jury trial on the

7    charge contained in Count Two of the indictment?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Do you understand that if you plead not

10   guilty and go to trial, the burden would be upon the government

11   to prove that you were guilty beyond a reasonable doubt?

12         THE DEFENDANT:  Yes.

13         THE COURT:  Do you understand that at a trial you

14   would be presumed innocent until the government proved your

15   guilt beyond a reasonable doubt?

16         THE DEFENDANT:  Yes.

17         THE COURT:  Do you understand that at such a trial and

18   at every other stage of the proceedings you would have the

19   right to be represented by an attorney and, if necessary, the

20   Court would appoint an attorney to represent you?

21         THE DEFENDANT:  Yes.

22         THE COURT:  Do you understand that at a trial you'd

23   have the right to testify, to confront and question any

24   witnesses who might testify against you and the right not to be

25   forced to incriminate yourself, that is, you do not have to be

1  a witness against yourself?

2         THE DEFENDANT:  Yes, your Honor.

3         THE COURT:  Do you understand that at a trial you

4  would be entitled to call witnesses to testify and to compel

5  the attendance of witnesses?

6         THE DEFENDANT:  Yes, I would, your Honor.

7         THE COURT:  Do you understand if you plead guilty,

8  there will be no trial of any kind so that you give up your

9  right to a trial and the only remaining step will be for the

10  assigned district judge to sentence you?

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  Sir, are you certain that you understand

13  the nature of the charge to which you are pleading?

14         THE DEFENDANT:  Yes, I am.

15         THE COURT:  Are you certain that you understand the

16  range of penalties, including the maximum sentence to which you

17  are potentially subjecting yourself by your plea?

18         THE DEFENDANT:  Yes, I am.

19         THE COURT:  Have you and your attorneys talked about

20  how the sentencing commission guidelines, which are advisory

21  only, might inform this sentence to be imposed upon you?

22         THE DEFENDANT:  Yes, sir.

23         THE COURT:  Do you understand that the sentencing

24  judge in determining the appropriate sentence for you is

25  obligated to calculate the applicable sentencing guidelines

1   range and possible departures under the sentencing guidelines?

2           THE DEFENDANT:  Yes, I am, your Honor.

3           THE COURT:  Do you understand that in addition to the

4   factors outlined in the sentencing commission guidelines, the

5   sentencing judge will also consider factors that are set forth

6   at 18 U.S.C. Section 3553 in determining what an appropriate

7   sentence might be for you?

8           THE DEFENDANT:  Yes, I am, your Honor.

9           THE COURT:  Do you understand that the sentencing

10  judge may be obligated to impose a special assessment upon you?

11          THE DEFENDANT:  Yes, I am.

12          THE COURT:  Do you understand that parole has been

13  abolished and that if you are sentenced to prison, you will not

14  be released on parole?

15          THE DEFENDANT:  Yes, I am.

16          THE COURT:  Do you understand that the answers you

17  give to me today under oath and in the future may be used

18  against you in a prosecution for perjury or false statement if

19  you do not tell the truth to the Court?

20          THE DEFENDANT:  Yes.

21          THE COURT:  What are the elements of the offense set

22  forth at Count Two of the indictment?

23          MR. NAFTALIS:  Yes, your Honor.

24          As to Count Two of the indictment, your Honor, which

25  charges securities fraud, there are three elements:  First,

E4PMWALP

1    that in connection with the purchase or sale of securities, the

2    defendant did one or three things:  A, employed a device,

3    scheme or artifice to defraud; or, B, made an untrue statement

4    of a material fact or omitted to state a material fact which

5    made what he said, under the circumstances, misleading; or, C,

6    engaged in an act, practice, or course of business that

7    operated or would operate as a fraud or deceit upon a purchase

8    or seller.

9         Two, that the defendant acted knowingly, willfully,

10   and with the intent to defraud.

11        And, third, that the defendant used or caused to be

12   used any means or instruments of transportation or

13   communication in interstate commerce or the use of the mails in

14   furtherance of the fraudulent conduct.

15        THE COURT:  Thank you.

16        Mr. Walsh, having heard the elements of the offense

17   that is outlined at Count Two of the indictment, is it still

18   your desire to tender a plea of guilty?

19        THE DEFENDANT:  Yes, your Honor.

20        THE COURT:  Have any threats been made to you by

21   anyone to influence you to plead guilty?

22        THE DEFENDANT:  No.

23        THE COURT:  Have any promises been made to you

24   concerning the sentence that you will receive?

25        THE DEFENDANT:  No.

E4PMWALP

1      THE COURT:  I understand that you and your counsel and

2   representatives from the government have reached certain

3   agreements and understandings in connection with your tender of

4   a plea of guilty and those agreements and understandings have

5   been reduced to a writing to which your counsel made reference

6   earlier, writing dated April 24, 2014.  I have a copy of that

7   document before me which I shall show you now.

8      Do you recognize the document, sir?

9      THE DEFENDANT:  Yes, I do.

10     THE COURT:  Did you have an opportunity to review it

11  with your attorney?

12     THE DEFENDANT:  Yes, I have.

13     THE COURT:  Is there anything contained in the April

14  24, 2014 writing that you do not understand?

15     THE DEFENDANT:  No.

16     THE COURT:  Among other things, there is text in the

17  April 24, 2014 writing for which you agree to make restitution

18  in an amount to be set at the time of sentence.

19     Are you aware of that, sir?

20     THE DEFENDANT:  Yes, I am, your Honor.

21     THE COURT:  And there is also text in the April 24,

22  2014 writing through which you admit the forfeiture allegation

23  that I reviewed with you earlier during the proceeding.

24     You're aware of that, sir?

25     THE DEFENDANT:  Yes, I am.

1          THE COURT:  The April 24, 2014 writing also contains

2     an analysis of how the sentencing commission guidelines might

3     apply to your case.

4          Do you understand that notwithstanding the analysis of

5     the guidelines in the April 24, 2014 writing, the impact, if

6     any, that the sentencing commission guidelines may have on the

7     sentence to be imposed upon you is left solely to the

8     discretion of the sentencing judge?

9          THE DEFENDANT:  Yes, I am, your Honor.

10          THE COURT:  There is also text in the April 24, 2014

11     writing that constricts your ability to appeal from or

12     collaterally attack the judgment of conviction or sentence that

13     might be imposed upon you and, also, restricts your ability to

14     seek a sentence modification, pursuant to Title 18, United

15     States Code, Section 3582(c).

16          Are you aware of that, sir?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  Let me show you the last page of the April

19     24, 2014 writing about which we have been speaking.  Is your

20     true signature on that page?

21          THE DEFENDANT:  Yes, it is, your Honor.

22          THE COURT:  Did anyone force you to sign the document,

23     sir?

24          THE DEFENDANT:  No.

25          THE COURT:  Let me turn my attention to your counsel

1    again.  Is your signature also on the last page of the

2    document?

3              MR. TREMONTE:  Yes, your Honor.

4              THE COURT:  Have representatives of the government

5    also signed the last page of the document?

6              MR. NAFTALIS:  We did, your Honor.

7              THE COURT:  Mr. Walsh, other than the understandings

8    and agreements that you and your attorneys and representatives

9    from the government have made and reached that are outlined in

10   the April 24, 2014 writing about which we have been speaking,

11   have any other agreements or understandings been made or

12   reached with you in connection with your tender of a plea of

13   guilty?

14             THE DEFENDANT:  I don't believe so, your Honor.

15             THE COURT:  Is there any doubt in your mind?

16             THE DEFENDANT:  No.

17             THE COURT:  Do you wish to consult with your counsel

18   to ensure that there have been no other agreements or

19   understandings made?

20             THE DEFENDANT:  Yes.

21             THE COURT:  Do so, please.

22             THE DEFENDANT:  I understand everything, your Honor,

23   relative to this document.

24             THE COURT:  And let me ask again, other than the

25   understandings and agreements in the April 24, 2014 writing,

E4PMWALP

1   have any other agreements or understandings been made or

2   reached with you in connection with your tender of a plea of

3   guilty?

4           THE DEFENDANT:  No.

5           THE COURT:  Sir, is your plea being made voluntarily,

6   that is, of your own freewill?

7           THE DEFENDANT:  Yes, your Honor.

8           THE COURT:  Did you commit the offense that is

9   outlined at Count Two of indictment 09 Cr. 722?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  Would you tell me in your own words what

12  it is that you did that makes you believe yourself guilty of

13  the offense set forth at Count Two of the indictment?

14          THE DEFENDANT:  Between 1996 and 2009, I was a

15  managing general partner at WG Trading Company, a limited

16  partnership that sold securities in the form of limited

17  partnership interests to investors.

18          In that capacity, I and others engaged in transactions

19  and practices that operated as a fraud and deceit upon the

20  limited partners of WGTC.

21          Specifically, I caused WGTI, an entity whose financial

22  information was incorporated into audited financial statements

23  of WGTC, to issue promissory notes that falsely stated that I

24  owed and would timely repay tens of millions of dollars to

25  WGTI.

1     I did so knowing that the books and records and

2 audited financial statements of WGTC would be materially

3 misstated as a result, and that such misstatements would and

4 did operate as a fraud and deceit upon WGTC's limited partners.

5     THE COURT:  When you engaged in the conduct that you

6 just described a few moments ago, where were you, sir?

7     THE DEFENDANT:  Out of my office.  I believe for the

8 most part out of my office in North Hills, Long Island.

9     THE COURT:  In Count Two of the indictment it alleges

10 that certain activities used instrumentalities involved in

11 interstate commerce for the mails.

12     What, if anything, can you tell me about that?

13     MR. NAFTALIS:  Your Honor, I'm happy to proffer what

14 the government would prove as to that, if it's helpful.

15     THE COURT:  I would welcome anything that would

16 explain to me that portion of the charge in Count Two that I

17 made reference to.

18     MR. NAFTALIS:  Absolutely, your Honor.

19     The government would proffer that at trial it would

20 prove that the defendant and his partners used faxes, the

21 mails, and wires that traveled into and out of New York State,

22 across state lines, and also that a bank account at Merrill

23 Lynch located in the Southern District of New York was used to

24 send wires and receive wires in interstate commerce.

25     THE COURT:  Mr. Walsh, did you hear the recitation

E4PMWALP

 1   that Mr. Naftalis just made?

 2           THE DEFENDANT:  Yes, sir.

 3           THE COURT:  Do you contest any of those allegations?

 4           THE DEFENDANT:  No.

 5           THE COURT:  Assertions.  Thank you.

 6           Are there any questions the government would have me

 7   put to Mr. Walsh?

 8           MR. NAFTALIS:  I think we are satisfied, your Honor.

 9   Thank you.

10           THE COURT:  Mr. Walsh, I want to address your counsel

11   once again.  Are you aware of any reason why your client should

12   not plead guilty?

13           MR. TREMONTE:  I am not, your Honor.

14           THE COURT:  Is the government aware of any reason why

15   the defendant should not plead guilty?

16           MR. NAFTALIS:  No, your Honor.

17           THE COURT:  If the matter were to proceed to trial,

18   what evidence would be offered by the government in support of

19   a charge made in Count Two of the indictment?

20           MR. NAFTALIS:  Your Honor, were the case to go to

21   trial in support of Count Two, which alleges the securities

22   fraud violation from 1996 through early 2009, the government

23   would prove that charge through the use of two or more

24   cooperating witnesses, bank records, including wire transfer

25   confirmations that I was alluding to earlier, account

E4PMWALP

1    statements and account records, law enforcement testimony, and

2    lay witness testimony, among other things.

3              THE COURT:  Can you give me some sense of what the

4    testimony by law enforcement witnesses and others who are not

5    law enforcement officers might be?

6              MR. NAFTALIS:  Sure, your Honor.  As to the law

7    enforcement witnesses, they would testify to a financial

8    analysis of the fraud, namely, monies in, monies out, and how

9    the defendant and his coconspirator misappropriated money from

10   the companies.  That's one example.

11             As to lay witness testimony, your Honor, it would be

12   in the form of victims, institutional clients who invested with

13   the defendant's company, the representations that were made to

14   them about how the monies were to be invested, and there would

15   be evidence that the monies were not so invested 100 percent of

16   the time.

17             THE COURT:  Thank you.

18             I'm satisfied that Mr. Walsh understands the nature of

19   the charge made against him in Count Two of indictment 09 Cr.

20   722.  I'm also satisfied that he understands the consequences

21   of the plea of guilty.  I'm satisfied that the plea is being

22   made voluntarily and knowingly and that there is a factual

23   bases for the plea, so I shall report and recommend to the

24   assigned district judge that the plea be accepted.

25             I direct that a presentence report be prepared prior

1    to the date of sentence, which would be the 29th day of July,

2    2014 at 11:30 a.m.  In connection with the preparation of that

3    report the government should provide its case summary materials

4    to the probation department not later than 14 days from today.

5    The defendant and his counsel should make an appointment with

6    the probation department not later than 14 days from today.  I

7    shall direct the government to obtain a transcript of the

8    minutes made during this proceeding and present same to the

9    assigned district judge before the date of sentence.

10             Is there any request with respect to bail?

11             MR. NAFTALIS:  No objection to it being continued,

12   your Honor.

13             MR. TREMONTE:  The defendant requests that bail be

14   continued on the same terms that are presently in place, your

15   Honor.

16             THE COURT:  The application is granted.

17             Is there anything else that we need to address?

18             MR. TREMONTE:  No, your Honor.

19             MR. NAFTALIS:  No, your Honor.

20             THE COURT:  Thank you.  Have a good day.

21                              o0o

22

23

24

25