14-4654
*United States v. Greenwood*

N.Y.S.D. Case # 09-cr-0722(MGC)

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of January, two thousand sixteen.

PRESENT: JOSÉ A. CABRANES,
ROSEMARY S. POOLER,
GERARD E. LYNCH,
*Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Jan. 07, 2016

UNITED STATES OF AMERICA,

    *Appellee,*

    v.

PAUL GREENWOOD,

    *Defendant-Appellant.*\*

No. 14-4654

**FOR PAUL GREENWOOD:**     FREDERICK PHILLIP HAFETZ, Hafetz & Necheles, New York, NY.

**FOR UNITED STATES OF AMERICA:**     JESSICA A. MASELLA, Assistant United States Attorney (Michael A. Levy,

---

\* The Clerk of Court is directed to amend the caption of the order as set forth above.

1

CERTIFIED COPY ISSUED ON 01/07/2015

>Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Miriam Goldman Cedarbaum, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **REMANDED** for resentencing.

Defendant-appellant Paul Greenwood ("Greenwood") appeals from a judgment entered by the United States District Court for the Southern District of New York on December 11, 2014, sentencing him principally to 120 months' imprisonment following his guilty plea to one count of conspiracy to commit securities and wire fraud, in violation of 18 U.S.C. § 371; one count of securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. § 240.10b-5, and 18 U.S.C. § 2; one count of commodities fraud, in violation of 7 U.S.C. §§ 6*o*(1) and 13(a)(2) and (5), and 18 U.S.C. § 2; two counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2; and one count of money laundering, in violation of 18 U.S.C. §§ 1957 and 2.

On appeal, Greenwood argues that his sentence should be vacated because it is procedurally unreasonable. He argues that the District Court erred "procedurally" when it: (1) failed to consider sentencing factors set forth in 18 U.S.C. § 3553(a), (2) failed to state the reasons for its sentence in open court as required by 18 U.S.C. § 3553(c), and (3) based its sentence on factual findings regarding the victims' losses that were unsupported by the record. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We conclude in the instant case that Greenwood's third argument has merit and satisfies the applicable plain-error standard.[1] As Greenwood points out, just before announcing the 120-month sentence, the District Court explained that "[t]here are a number of people today who lost many thousands of dollars as a result of [Greenwood's] fraud . . . . And the loss of that money was very devastating for many of them." A-418. As the government concedes, however, although the Presentence Investigation Report stated that Greenwood's investors included pension and

---

[1] Because Greenwood failed to object to his sentence at the District Court, we review his challenges for plain error. To establish plain error, the appellant must demonstrate that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Wagner-Dano*, 679 F.3d 83, 94 (2d Cir. 2012) (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)).

retirement plans, "nothing in the record expressly supports the conclusion that the . . . actual losses that remained outstanding at the time of Greenwood's sentence had 'devastat[ed]' any specific victim." Gov't Br. 33–34 n.11. Indeed, the PSR makes no mention whatever of an individual victim, let alone a number of individual victims who lost thousands of dollars as a result of the fraud. Greenwood has therefore established procedural error insofar as the sentence rested on a clearly erroneous finding of fact, *see United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc), and we conclude that, under the circumstances presented here, this error satisfies each of the plain-error requirements, *see Wagner-Dano*, 679 F.3d at 94. We therefore remand the case for resentencing on this basis, and we need not address Greenwood's remaining arguments.

We do not foreclose the possibility that on remand the District Judge—an experienced and distinguished jurist who, as the government argues, may have "draw[n] a reasonable inference" that many individuals lost thousands of dollars because the fraud's victims included pension and retirement plans, Gov't Br. 33 n.11—may impose the same sentence. But we nonetheless remand for resentencing to ensure that the sentence imposed is not based on erroneous findings of fact, and to give the District Court an opportunity to clearly state the reasons for the particular sentence.

## CONCLUSION

Accordingly, we respectfully **REMAND** the December 11, 2014, judgment of the District Court for resentencing.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit